TERM, 1866.]                    Trammell et al. vs. Bassett.

TRAMMELL ET AL VS. BASSETT.

| 24 | 499 |
|----|-----|
| 83 | 519 |

Obedience is the first duty of a soldier; he has no right to require the reasons of orders, or consider the consequences of his acts under them; and may prove that he acted under orders in justification, when sued. But officers have a discretion in effecting that which they are required to perform, and will be held to a more strict account for acts done by them.

Where the bill of exceptions states facts different from the record this court must be governed by the record. (17, *Ark.*, 532.)

It is a matter within the discretion of the court to permit additional pleas to be filed after issue joined; and if pleas are filed out of time, according to the rules and practice of the court, it is within the proper exercise of the power of the court to order them stricken from the files.

Where the admission of a party is offered in evidence against him, it is the well settled rule of law that the whole admission is to be taken together—all that he said at the time in connection with his admission should be permitted to be proved.

On issues to the pleas of not guilty and limitations, in an action of trespass, the defendant will not be permitted to introduce evidence in mitigation of damages—such evidence not being applicable to the issues.

Testimony pertinent to the issue, and tending to prove circumstances showing the connection of the defendant with the trespass complained of, cannot be deemed of prejudice to the defendant and illegal.

All persons present and participating in a trespass are deemed equally guilty; and if one be accidentally present and not consenting to or participating in the act, it devolves upon him to prove his innocence.

The taking and carrying away the property of another without his consent is a conversion.

The reading of the preamble to the constitution to the jury, by the court, or other matter not pertinent or applicable to the issues in the case, is objectionable and should not be encouraged.

*Appeal from Washington Circuit Court.*

HON. ELIAS B. HARRELL, Circuit Judge.

WALKER for the appellant.

It is insisted for the appellants that the court erred in sustaining

the demurers to the 2d and 3d pleas, and in striking out the 5th. Soldiers cannot be held liable for legitimate acts done in the prosecution of war. *Halleck on Int. Law, chap.* 19, *sec.* 31, *p.* 348 : 5 *Wheat.* 152. The war was a civil war. 2 *Black's Rep.* 635; and there is no distinction in the usages of war, whether it be a civil war or a foreign war. 7 *Wheaton,* 337; *The Tropic Wind, Law Rep.,* (*July,* 1861,) *p.* 151; *Halleck's Int. Law, ch.* 14, *secs.* 7, 8, *p.* 333, *Lawrence's Wheat. Int. Law, part IV., ch.* 1, *sec.* 7–10. Soldiers must obey, not act on their own discretion. *Vattel,* 293, 401. See opinion of NEWMAN, J., in *Hughes vs. Litsey et al., American Law Register* (January, 1866,) 148—158.

As the admissions of the defendant were proved by the plaintiff, his explanation or justification made at the same time should have been received in evidence.

The instructions are abstract and illegal and tended to confuse the minds of the jury—particularly the preamble to the constitution—certainly the defendants were not required to prove their innocence.

GREGG for the appellee.

It is submitted that if a party voluntarily engage in the violation of law by rebellion, or otherwise, he is not excusable in trespass, because large numbers are acting in concert, and under men or officers of their own selection and in an organized form.

The court properly sustained the motion to strike out the 5th plea. It was not filed in apt time—the issue having been made up at the previous term; and to have allowed the plea to stand would have been prejudicial to the plaintiff. *Sec.* 53, *ch.* 133, *Gould's Dig.*; 2 *Eng.* 117; 5 *Eng.* 443.

The record does not state that leave was granted to file the plea after the issues had been formed, nor the reasons for striking it from the files; and if the bill of exceptions states facts inconsistent with the record entries, the record must prevail. 17, *Ark.*, 332; 5, *Eng.*, 449.

We submit that there was error in receiving or rejecting evidence.

The testimony tended to show that the parties had engaged together for a common purpose, and hence the instructions of the court were not erroneous. Instructions are not erroneous if there is any evidence from which the jury might infer the fact; nor will the court reverse a judgment on account of instructions unless they are prejudicial to the party. *McNeill vs. Arnold*, 22 *Ark.*, 477; *Swinny vs. State, Ib.*, 215; *Patterson vs. Fowler*, *Ib.*, 396.

Mr. Justice CLENDENIN delivered the opinion of the court.

On the 28th of July, 1865, the appellee, Bassett, commenced his action of trespass, against the appellants Leonard Trammell, George S. Trammell and Baker Pidcock, Daniel T. Smith, Jackson Dyer and George W. Drain. At the May term, 1866, all the defendants appeared. Smith filed his plea in abatement, and the other defendants their plea of not guilty, and also special pleas of justification. The plaintiff admitted the truth of Smith's plea, and he was discharged. The plaintiff joined issue on the plea of not guilty, and demurred to each and all of the special pleas. The demurrer was sustained, and defendants then filed their plea of the statute of limitations, upon which issue was made up, and on the application of the defendants the cause was continued.

At the next term of the court in August, 1866, defendants, Leonard Trammell, Dyer and Drain, filed an additional special plea, and at the same time, defendants, Pidcock and Dyer filed an additional special plea, and defendant George S. Trammell, also, filed his additional special plea, all of which said pleas, the plaintiff moved to strike from the files, the motion was sustained, and the pleas stricken from the files, to which defendants excepted, and incorporated their pleas in the bill of exceptions. The case was then submitted to a jury, and a verdict found against defendants, Leonard Trammell and George S. Trammell,

and in favor of Pidcock, Dyer and Drain. During the trial, the defendants excepted to decisions of the court, in regard to the admission and exclusion of testimony, and also to instructions given by the court, and the charge of the court; all of which exceptions appear by the record of the case. Leonard and George S. Trammell appeal to this court and assign for error:

1st. The circuit court erred in sustaining the demurrer to the several pleas of justification.

2d. The court erred in striking from the files the pleas of justification.

3d. The court erred in permitting illegal testimony offered by plaintiff to go to the jury.

4th. In refusing to permit testimony offered by appellees to go to the jury.

5th. In giving illegal instructions to the jury.

We will proceed to notice the assignments of error in the order in which they are stated; and in doing so it will be necessary to copy one of the numerous and voluminous pleas (all the others demurred to being substantially alike,) filed in this closely and well prosecuted and defended case; it being necessary to do so, to examine its merits as a valid and legal defence.

The plea is as follows:

"And the said defendants, Leonard Trammell, Jackson Dyer and Geo. W. Drain, for a further plea in this behalf, (by leave of the court) for that purpose had and obtained, as to the said seizing, taking, leading, driving, hauling and carrying away the goods and chattels in plaintiff's declaration mentioned, and therein supposed to be done by these defendants, they the said defendants say *actio non*, because they say that before the time when, in plaintiff's declaration mentioned, to-wit: on the 7th day of May, 1861, and from thenceforward, continually, until and at and after the time when, etc., in the said counts in said plaintiff's declaration mentioned, to-wit: in the county of Washington, and state of Arkansas, aforesaid, there had been inaugurated and then existed a civil war, by and between the states of Virginia, North Carolina,

South Carolina, Georgia, Florida, Alabama, Mississippi, Tennessee, Arkansas, Louisiana and Texas, and the people thereof, who claimed and assumed to have established a separate government from the other states of the United States, of the one part, and the government of the United States and the people of such other states, and the territories of the United States and the people thereof, of the other part, in the prosecution of said civil war so inaugurated and existing, Stephen B. Enyart, before the time when, etc., in said several counts in said declaration mentioned, to-wit: on the 10th day of June, 1864, at the county and state aforesaid, was duly appointed and commissioned by the so-called Confederate States, as captain in the military service thereof, under and by virtue of which commission and appointment, he, the said Stephen B. Enyart, assumed to act, and did act as captain as aforesaid, at the time when etc., and as such was vested with full power and authority to command and did then and there command a company of men to serve and do duty as soldiers in said civil war as aforesaid, in the service of the so-called Confederate States: and the said defendants say, that before the time when etc., in the said several counts in said plaintiff's declaration mentioned, to-wit: on the 10th day of June, A. D. 1862, and continuously thereafter, and at and after the time when etc., in said counts in said declaration mentioned, they had been, and were resident citizens of the county of Washington, in said state of Arkansas, and liable under the laws of said state to perform military duty, and was before the time when etc., in said counts mentioned, regularly enrolled and mustered into the service of the so-called Confederate States, to do duty and service in said company, and under the command of the said Stephen B. Enyart as such captain in the prosecution of the said civil war, and being such soldiers in such company under the command of the said Stephen B. Enyart, as such captain and while the said S. B. Enyart was, and was acting as a captain in the said service of the said so-called Confederate States, and whilst these defendants were subject to the order and command of the said Stephen B.

Enyart as captain as aforesaid, they the said defendants as such soldiers, in such service and under and in obedience to the express command and order of said Stephen B. Enyart given as such captain at the time when etc., in the said counts in said declaration mentioned, did seize, take, drive, lead, haul and carry away the goods and chattels, the property in the said declaration in the several counts thereof mentioned, to-wit: at the county aforesaid, as it was lawful for them to do, as they were required to do by the order and command of the said Stephen B. Enyart, captain as aforesaid, so given as aforesaid, which are the same supposed trespasses in said counts in said declaration mentioned, and whereof the said plaintiff hath complained against them, and this they are ready to verify etc."

This plea, in substance, set up the existence of a civil war, that the defendants were soldiers in that war; and that the acts done were done by order of their commanding officer; (naming him) and presents the question whether a private soldier in time of war can justify his acts by virtue of the orders of his commanding officer.

That a civil war existed at the period shown by the pleadings in this case, there can be no question. We have, at the present term of this court, in the case of *Hawkins vs. Filkins*, fully recognized and decided that point; and therefore, there being a war, and these defendants being soldiers in that war, what was their duty?

We think it may be laid down, as a well settled proposition, that obedience is the first duty of a soldier. It is not for him to ask the reason for the order he receives, or the act he is to do, or to consider the consequences of the act. He must obey. To him the maxim of despotism, that "to hear is to obey," is more nearly applicable than to any other class of society. If such be the rule applicable to the private soldier, he should certainly be permitted to prove it in his justification.

It is no doubt upon this principle that the law holds *officers* to a more strict account for acts done by them, than it does the

*private* soldier, and that officers have a discretion in effecting that which they are required to perform. And this question incidentally came up before this court at the present term in the case of *Taylor vs. Jenkins,* in which the court say : " and while officers may exercise a discretionary power in effecting that which they are required to do, soldiers under their command have no such discretion ; they act under orders, are in fact the instruments through which orders are carried into effect." *Vattel* says : " The troops, officers and soldiers, and in general all of those by whose agency the sovereign makes war, are only instruments in his hands to execute his will and not their own," which we again repeat and re-affirm as the law applicable to the question now before us. And applying it to the pleas in this case we think the circuit court erred in sustaining the demurrer to the pleas.

The next cause assigned for error is the decision of the court, striking the pleas of appellants from the files.

It will be seen from the statement of the case that these pleas were filed after the issues were made up, and at a subsequent term. The record does not show that they were filed by leave of the court, although the bill of exceptions does so recite it. Where the bill of exceptions states facts different from the record, we must be governed by the record. 5 *Eng.,* 449; 17 *Ark.,* 532.

It was a matter clearly within the discretion of the circuit court, to permit these pleas to be filed; and if filed out of time, according to the rules and practice, it was in the proper exercise of the power of the court to order them stricken from the files.

The third error assigned is, that the court permitted illegal testimony, offered by the plaintiff, to go to the jury.

It appears by the bill of exceptions, that the plaintiff, to maintain the issue on his part, proved by three witnesses that defendant Leonard Trammell, in the latter part of August, 1862, and while he had the property in possession, within about a quarter of a mile of plaintiff's, stated to them that he took the properry, the cattle and sheep in the plaintiff's declaration mentioned ; that at the time of making such statement the defendant, Geo. S. Tram-

mell was with him; and that they were driving off the property. The plaintiff also proved that in the evening of that day, the defendants, Drain, Pidcock and Dyer, and others, came with other property and staid at Johnsons; and that Leonard Trammell, apparently, had control of the property brought in; that next morning they all went off together, carrying off the property of the plaintiff, and the property brought in by the other parties; that the same was taken to McGuire's and sold by Capt. Enyart; that Trammell, in the statement he made, also stated the property was taken for the use of the families of those who were fighting for their country. Plaintiff also proved the value of the the property. And defendants then proved that defendants Drain, Dyer and Pidcock, and the Trammells were all engaged in the business of gathering up stock on the creek at the time, and met together on the night of the day of the taking of the property at Johnson's, stayed all night together, and went off together next morning, driving the stock that had been gathered up and taken at different places; which was all the testimony given in the cause.

We have copied this statement from the bill of exceptions.

We cannot conceive how this testimony could prejudice the defendants, who are now the appellants in this court. The defendants, who might possibly complain, are not before us. They have been discharged by the verdict and judgment. The testimony, so far as defendants Trammell are concerned, was pertinent to the issues, and proved circumstances showing their connection with the tresspass.

The fourth cause of error is that the court erred in refusing to permit testimony offered by the defendant, to go to the jury.

The bill of exceptions No. 3, states that the plaintiff introduced William Yerk, who testified that Leonard Trammell, one of the defendants, in the month of August, 1862, admitted while he had them in possession, in a conversation with witness, that he took the property, the cattle mentioned in the declaration, and thereupon, on cross-examination, the defendant offered to

prove by said witness, that in the conversation mentioned in his examination in chief, the said Trammell also stated that they, the parties, were in the Confederate States service, and took the property in obedience to the command of the officers, and for the use of the Confederate States government, to aid in carrying on the war against the government of the United States. To the proving of which plaintiff objected, and the court sustained the objection and refused to permit the witness to testify. This was error. It is the well settled rule of law, that the whole admission is to be taken together. All that the party said at the time in connection with his admissions should be permitted to be proved. 1 *Greenleaf*, sec. 201-2.

We also learn from the bill of exceptions No. 4, that the defendant offered to prove in detail, (and which is set out in his bill of exceptions,) in mitigation of damages, the same facts which he had averred in his plea that had been stricken from the files, but that the court refused to permit him to make such proof. The averments in the plea stricken out were substantially the same as those in the plea copied in this opinion, with the additional averments that the plaintiff was inimical to the Confederate States, and that the goods taken were for the use of the Confederate States.

We do not think that the circuit court erred in refusing to permit this testimony to go to the jury. The only issues in the case were the pleas of not guilty and the statute of limitations, and the evidence offered was not applicable or pertinent to these issues, and could not be introduced in mitigation of damages. See *Greenleaf on Evidence*, *p.* 288-9, 1 *Chitty's Pleading*, 415.

The fifth cause assigned for error is as to the instructions and charge of the court.

The bill of exceptions shows that the court, of its own motion, instructed the jury as follows:

1st. If three or more persons assemble for the purpose of doing an unlawful act, and in furtherance of that purpose, the unlawful act is done by part or all the persons assembled for that pur-

pose, all will be equally guilty, and if any person happen to fall in with the company, and is present when the unlawful act is committed, that person to excuse himself must show that he was there for another purpose, and not to assist in or sanction the perpetration of the unlawful act.

2d. If A takes the property of B, without B's consent, and carry it away, the moving the property is a conversion. It is not material what disposition of the property was made, if it was not returned to B it is a conversion.

3d. If you believe from the evidence before you, that the defendants, or either of them, took the property of the plaintiff without his consent within three years next before the commencement of this suit, you should find for the plaintiff, and assess such damages as you may think right against all the defendants that you believe participated directly or indirectly in the taking the plaintiff's property.

4th. If you believe from the evidence before you that the defendants or any of them took the property of the plaintiff without his consent; or if they did take it, if it was done more than three years before the filing of this suit, you should find for the defendants.

And the bill of exceptions also shows that the court, against the objections of the defendants, at the time stating that he did not do so particularly as instructions, read to the jury from the constitution of the state of Arkansas, as follows, to wit: We the people of the state of Arkansas, having the right to establish for ourselves a constitution in conformity with the constitution of the United States of America, recognizing the legitimate consequences of the rebellion, do hereby declare the entire action of the state convention of the state of Arkansas, which assembled in the city of Little Rock, on the 4th of March, 1861, was and is null and void, and is not now, nor ever has been binding and obligatory upon the people. That all the action of the state of Arkansas under the authority of said convention, of its ordinances, or of its constitution, whether legislative, executive, judicial or military,

(except as hereinafter provided) was and is hereby declared null and void. Provided that this ordinance shall not be so construed as to affect the rights of individuals, or change county boundaries, or county seats, etc., etc.

We can see no serious legal objection to these instructions as given by the court. Taking them together, and applying them to the evidence in the case, we think they were properly given to the jury. We cannot, however, discover what law applicable to the issues in this case, was to be found in the preamble to the constitution of this state, read by the court, (over the objections of the defendants,) " not as instructions," as we learn from the record; but for what purpose it was read, the record does not inform us. It is very well, and no doubt proper, that all the citizens should be instructed as to the provisions of the constitution under which they live, as ;they should be in regard to all their social and moral duties; but there is a time for all things, and we think it would be more proper to instruct at a time, when their minds were not occupied with the duty of trying a solemn issue between their fellow citizens; and while we do not think that there was any legal error in this action of the court, or that the minds of the jury were confused by it, and diverted from the issue they were to decide, still we think that the practice of reading matter to the jury not pertinent or applicable to the issues, is objectionable and should not be encouraged.

But because the court erred in sustaining the demurrers to the defendants' pleas, and in excluding proper testimony, this cause must be reversed.