ROBLIN *v.* JENKINS.

Opinion delivered July 22, 1907.

1. APPEAL AND ERROR—HOW MATTERS BROUGHT INTO RECORD.—Whether the parties to an action appeared in the case should appear in the record of the judgment, and not in the bill of exceptions. (Page 519.)

2. SAME—OBJECTION NOT RAISED BELOW.—Where a case was appealed to the circuit court from a justice of the peace, and was subsequently appealed to the Supreme Court, it is too late in the latter court to raise for the first time the objection that the transcript of the justice of the peace was not signed by him. (Page 519.)

Appeal from Carroll Circuit Court; *Joseph S. Maples,* Judge; affirmed.

*Troy Pace,* for appellants.

1. On appeal from a justice of the peace, when the defendant appears by attorney, and announces ready for trial, he is entitled to have a trial *de novo,* and under such circumstances it is error for the court to have the defendant called and, on failure of defendant to appear in person, to pronounce judgment against him as by default. Kirby's Digest, § § 4684, 4599; 44 Ark. 379.

2. The circuit court is without authority to affirm a judgment of a justice of the peace, without having before it an authenticated transcript of the justice court proceedings and judgment, and the justice's signature to the certificate is essential to such authentication. Kirby's Digest, § 4670; 7 Ark. 206; ,16 Ark. 485; 19 Ark. 647; 43 Ark. 233; 10 Ark. 249.

*James & Fuller,* for appellee.

1. Where the bill of exceptions states facts different from the record, this court will be governed by the record. 24 Ark. 499; 9 Ark. 133; 10 Ark. 449; 17 Ark. 332; 23 Ark. 131: 67 Ark. 467.

2. The certificate of the justice of the peace is a substantial compliance with the law; but in any event appellants, having made no objection in the lower court, will not be permitted to object here for the first time. 47 Ark. 49; 46 Ark. 302; 33 Ark. 745; 26 Ark. 536; 34 Ark. 684; 27 Ark. 37; 32 Ark. 154.

RIDDICK, J. The facts in this case are as follows: William Jenkins brought an action before a justice of the peace against D. H. Roblin and Caroline E. Roblin to recover the sum of $300 for effecting the sale of a hotel in Eureka Springs belonging to defendants and known as the Chatauqua House.

On the trial before the justice of the peace the jury returned a verdict in favor of the plaintiff for the sum of $300. Judgment was rendered accordingly, and defendants appealed to the circuit court. Afterwards the defendants filed a motion in the circuit court for a change of venue, and the venue was changed to the Eastern District of Carroll County. The transcript of the judgment found in the record recites that when the case was called in the court to which the venue had been changed the plaintiff appeared in person and by his attorneys, but that "the defendants, D. A. Roblin and Caroline Roblin, failing to

appear, were each three times solemnly called at the bar of the court, and came not but made default." The court thereupon gave judgment for the same amount as the judgment of the justice of the peace. The substance of the matter was that the court affirmed the judgment appealed from without hearing further evidence.

The defendants appealed from this judgment, and the bill of exceptions filed by them recites that when the case was called for trial in the circuit court the defendants, though not present in person, appeared by their attorneys and announced ready for trial. Their counsel contends that, as they appeared by their attorneys and announced ready for trial, the circuit court could not under such circumstances give judgment against them by default. But it is not the province of the bill of exceptions to show whether the parties appeared or made default. The purpose of the bill of exceptions is to bring on the record matters that are outside of the record proper, and which would not appear of record in the absence of a bill of exceptions. Whether the parties appeared or not being a matter which should appear in the record of the judgment, we must, to determine that question, look to the judgment, and not to the bill of exceptions. *Trammell* v. *Bassett*, 24 Ark. 499; 3 Enc. Plead. & Prac. 404-407; 2 Cyc. 1076. The judgment shows that the defendants did not appear either in person or by attorney, and under the statute the court had the right to affirm the judgment of the justice of the peace, which it did.

The next contention is that the transcript filed in the circuit court was not certified by the justice of the peace, and that the circuit court for that reason had no jurisdiction to affirm the judgment to which the justice of the peace has attached no certificate. The transcript appears to be made out in proper form with certificate attached, but this certificate is not signed by the justice of the peace. This was probably the result of an oversight on the part of the justice of the peace, and the objection should have been made in the circuit court. It was the duty of the defendants, when they appealed from the judgment of the justice of the peace to the circuit court, to see that the justice of the peace filed a duly certified transcript of the proceedings before the justice. The justice filed a transcript, but

it was not authenticated as the statute requires. But no objection was made to it by either party. The defendants appeared and took a change of venue, and never at any time called the attention of the circuit court to this defect in the certificate. The motion filed by defendants in the circuit court to set the judgment aside and grant them a new trial does not refer to this matter. The jurisdiction of the circuit court to hear and determine the case did not depend upon the signature of the justice of the peace. And, although the proceeding was irregular, the judgment was not void, and we are of the opinion that it is too late to raise such a question for the first time in this court. *London* v. *Hutchens,* 80 Ark. 410.

Finding no error, the judgment is affirmed.