## KEENAN vs. HAYDEN.

EVIDENCE: COURT AND JURY. *(1) When question of* scienter *to be submitted to the jury in action for injuries from ferocious dog. (2) Court not bound to instruct jury as to the effect of one among several facts bearing on the question.*

1. Plaintiff's minor child having been bitten by defendant's dog, there was evidence, in an action for the injury, tending to show that defendant had owned the dog for two years before that time; that it was kept tied some portions of the time; that defendant sometimes took it on the

street tied with a rope, thus keeping it under his control; that before biting plaintiff's child, it had bitten several persons, mainly children, at different times, and had at divers other times violently attacked many other persons; that it frequently attacked persons walking along the street in the vicinity of the defendant's residence; and that it was a cross dog, and was known and shunned as such by defendant's neighbors. *Held*, that the question of defendant's *knowledge* of the dog's vicious propensities was properly submitted to the jury on this evidence.

2. In such a case, where there are several facts in evidence tending to prove the *scienter*, it is not the duty of the court to instruct the jury what the consequences would have been if *only one* of those facts had been in evidence; and there was no error in this case in refusing to charge that the mere fact of defendant's confining his dog at times would not of itself warrant the jury in finding that it was known by defendant to be vicious.

APPEAL from the County Court of *Milwaukee* County.

Action to recover the expenses incurred by the plaintiff in caring for and curing his minor son of wounds inflicted upon him by the female dog of the defendant. It is averred in the complaint that, before the injuries were inflicted, the defendant had notice of the vicious propensities of his dog, etc., notwithstanding which he suffered her to go at large and do the injury. The answer is a general denial. A motion for a nonsuit for the alleged want of proof of the *scienter* was denied, and the plaintiff had a verdict. A motion for a new trial was also denied, and judgment entered pursuant to the verdict; and the defendant appealed.

*Jared Thompson, Jr.*, for appellant, contended, that there was no evidence to go to the jury, that the defendant, or any member of his family, or any of his employees, had knowledge or notice that his dog was of a ferocious disposition, or accustomed to bite mankind. 1 Ld. Ray., 606; 12 Mod., 332; *Judge v. Cox*, 1 Starkie, 285 (2 E. C. L., 392); *Blackman v. Simmons*, 2 C. & P., 138 (14 E. C. L., 243); *Beck v. Dyson*, 4 Campb., 198; *Cook v. Waring*, 3 Hurl. & Colt., 332. The fact that the animal had been tied up, did not tend to prove knowledge by the defendant that she was vicious, and was not evidence to go to the jury on that question. *Jones v. Perry*,

2 Esp., 482, and the cases above cited.   2. The court erred in submitting to the jury the question of the *scienter*, to be answered by them in a special verdict.   Tay. Stats., 1496, § 14; *McMasters v. Mutual Co.*, 25 Wend., 379.   3. The court erred in giving the special instructions asked by the defendant.

*John J. Orton*, for respondent, contended that there was evidence of notice to the defendant's wife, who was shown to be his agent in running his saloon and boarding house during his absence; and that this was sufficient.   2 Esp., 482; *Applebee v. Percy*, L. R., 9 C. P., 647; *Milliken v. Dehon*, 27 N. Y., 364.

LYON, J.   It is conceded that the minor son of the plaintiff was severely bitten by the defendant's dog, and that, if the plaintiff is entitled to recover anything, the damages were assessed at a reasonable sum.   The principal question to be determined is, whether there was sufficient testimony tending to show that the defendant knew the vicious propensities of the dog, to justify the court in submitting the question of *scienter* to the jury.   Or the question is, rather, whether there was any testimony in the case tending to prove such knowledge by the defendant; for if there was any testimony of that character, the question was properly left to the jury.

The testimony tends to prove that the defendant had owned the dog two years before she bit the plaintiff's son; that she was kept tied some portions of that time; that the defendant sometimes took her on the street tied with a rope, by means of which he kept her under his control; that before she bit the plaintiff's son, she bit several persons, mainly children, at different times, and at various other times violently attacked many other persons; that she frequently attacked persons passing along the street in the vicinity of the defendant's residence; and that she was a cross dog, and was known and shunned as such by the defendant's neighbors.   One

witness testified as follows: "There was not a child in the neighborhood who was not afraid of this dog. She had bitten most of them, and all the neighbors complained about the dog." About three months before the plaintiff's son was bitten, the dog had bitten a boy named Clark; and the mother of the latter testified that she informed the defendant of the fact, but she could not remember whether it was before or after plaintiff's son was bitten.

Much of the foregoing testimony was controverted on the trial, yet the jury may have believed it; and if the same is true, the presumption is very strong that the defendant, and his agents who had charge of the dog when the defendant was absent, must have had some knowledge of the character and conduct of the dog. We think the testimony tended sufficiently in that direction to render the question of *scienter* a proper one for the determination of the jury, and hence, that the motion for a nonsuit was properly denied.

The defendant prayed three instructions to the jury, which the court refused to give. They were to the effect that the mere fact that the defendant confined his dog at times, unaccompanied by proof of other facts and circumstances tending to establish the *scienter*, would not, of itself, warrant the jury in finding such *scienter*, or that the dog was tied because she was vicious. The fact of confining the dog does not stand by itself, but is accompanied by proof of other facts tending to show that the defendant knew the character and conduct of his dog; and certainly it was not the duty of the court to instruct the jury what the consequences would have been had the fact of confining the dog been the only one proved having such tendency. The charge of the court to the jury is a full and fair statement of the law of the case, and no exception to it was taken.

This disposes of all the alleged errors, of sufficient importance to require notice, adversely to the appellant.

*By the Court.* — Judgment affirmed.