"3. From an order made after judgment, affecting the substantial rights of the party."

"Section 1259. Upon an appeal taken by the defendant from a judgment, the court may review any intermediate order or ruling involving the merits, or which may have affected the judgment."

Section 1237 does not give an appeal from an order denying a motion in arrest of judgment. The appeal from the order is, therefore, without authority, and must be dismissed. So, too, with respect to the appeal from the judgment upon the plea of former conviction. It is obvious that such a judgment is not "a final judgment of conviction." It only determines that the defendant has not been previously convicted of the offense of which he now stands charged, leaving the question of his conviction or acquittal open, to be determined after a trial. With respect to the appeal from the order denying defendant a new trial, the statute does not contemplate a motion for a new trial until all of the issues of fact have been tried. And inasmuch as the law did not authorize the motion for a new trial made by the appellant in the court below, it results that there can be no appeal from the order denying such a motion.

Appeals dismissed.

Hearing in Bank denied.

---

[No. 10,927. In Bank.—March 13, 1884.]

# THE PEOPLE, RESPONDENT, v. WILLIAM B. FORSYTHE, APPELLANT.

CRIMINAL LAW—APPEAL—CONFLICTING EVIDENCE.—Where the evidence is conflicting, the appellate court will not disturb an order refusing a new trial.

ID.—PRACTICE—EVIDENCE.—Upon cross-examination of a witness for the prosecution on an indictment for murder, it is not error for the court to sustain an objection to questions regarding the desperate character of the deceased, and as to what the witness had told the defendant of threats made by deceased against defendant some time before the homicide, where such matters had not been inquired into on the direct examination.

ID.—INSTRUCTIONS—FLIGHT OF PERSON ACCUSED OF CRIME.—The court instructed the jury that " the flight of a person immediately after.the commission of a crime, or after a crime is committed with which he is charged, is a circumstance in establishing his guilt, not sufficient of itself to establish his guilt, but a circumstance which the jury may consider in determining the probabilities for or against him, the probability of his guilt or innocence. The weight to which that circumstance is entitled is a matter for the jury to determine in connection with all the facts called out in the case." There was evidence tending to prove that the defendant was absent from home soon after the homicide, and that about three weeks afterwards he was arrested in another county. The defendant admitted the killing, but claimed that it was done in self-defense. *Held,* that the instruction was not erroneous as assuming the guilt or flight of the defendant.

ID.—PRACTICE—READING CASES TO THE JURY.—It is not error to permit the district attorney to read, during his argument before the jury, portions of an opinion of the Supreme Court, but such a practice is not commendable.

APPEAL from the judgment of the Superior Court of Humboldt County, and from an order refusing a new trial.

The defendant was charged with murder, and convicted of manslaughter. The remaining facts are stated in the opinion of the court.

*J. T. Campbell, S. M. Buck,* and *J. A. McQuaid,* for Appellant.

*Attorney-General Marshall,* for Respondent.

SHARPSTEIN, J.— Although the defendant pleaded not guilty to the charge of murder, he did not attempt on the trial to controvert the fact that he actually killed the deceased. He endeavored then to prove that the homicide was committed in self-defense, and justifiable. He now claims that this was so clearly proven as to justify this court in reversing the judgment on the ground that the verdict of the jury, which was guilty of manslaughter, was not justified by the evidence. One witness testified to having seen the defendant approach deceased from behind and strike him on the head with a club. Another who was near the scene of the homicide testified that he heard a noise which sounded to him like a blow, that he looked in the direction from which the noise came and saw the deceased falling. Two other witnesses testified that they, too, heard the blow and saw the deceased fall, and that they heard the defendant say that he intended to kill the deceased. These witnesses testify to having been within a few feet of the scene of the homicide when it was committed. Another witness—a physician—testified that he

was requested by defendant to examine the deceased, and ascertain how badly he was hurt; and that he, witness, at that time, asked defendant why he had done it, and that the latter replied "damn him, he sassed me:" The fact that the death of deceased was caused by a blow struck by defendant with a club is not controverted. And we have referred to the testimony of these witnesses for the purpose of showing that none of them saw deceased do or say anything to defendant at the time of, or immediately preceding, the striking of the mortal blow which would justify or excuse it. The evidence of these witnesses tended to prove that deceased was quietly walking away from the barn where the defendant was employed, when the latter approached him from behind and dealt the mortal blow. We cannot say that the jury might not have fairly inferred from the evidence of the prosecution that deceased was wholly unconscious of the fact of defendant's being on the premises while he, deceased, was there. There is no evidence that he saw defendant or inquired for him. He sought the proprietor of the barn, and was killed while in the act of leaving the premises, in a perfectly peaceable manner, according to the testimony of eye witnesses.

"Upon a trial for murder, the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable." (Pen. Code, § 1105.)

We are unable to find any "proof on the part of the prosecution" which "tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable." On the contrary it tends to show the exact reverse.

If the defendant introduced evidence which tended to prove that the homicide was justifiable or excusable, it simply raised a conflict for the jury to determine, subject only to the power of the court below to grant a new trial. Under such circumstances we cannot, on the ground of insufficiency of the evidence to justify the verdict, disturb the order denying the motion for a new trial.

The exception to the ruling of the court in sustaining the objection of the district attorney to defendant's counsel question-

ing a witness for the prosecution on cross-examination, in regard to the desperate character of the deceased, and as to what the witness had told defendant of threats made by deceased against defendant some time before the homicide, must be overruled. None of these matters were gone into on the direct examination of the witness, and could be introduced by the defendant only for the purpose of proving circumstances of mitigation, or to justify or excuse the homicide. As to what occurred at the time and place of the homicide the defendant's counsel appears to have had all the latitude he desired in his cross-examination of the witness.

There was evidence tending to prove that the defendant was absent from home soon after the homicide, and that some three weeks afterwards he was arrested in another county. This we think justified the court in giving the instruction it gave in regard to the flight of a person accused of crime. As we construe the instruction, it neither assumes the guilt nor flight of the defendant. (*People* v. *McDowell,* 64 Cal. 467.)

The district attorney was permitted, against the objection of defendant's attorneys, to read, while summing up to the jury, some portions of an opinion filed by this court in a late case. No case is cited, and we know of none, in which it has ever been held that doing so was error. Still, we are not disposed to commend the practice.

Judgment and order affirmed.

MORRISON, C. J., ROSS, J., McKINSTRY, J., MYRICK, J., McKEE, J., and THORNTON, J., concurred.