(March 19, 1889.)

## UNITED STATES v. LANGFORD.

### [21 Pac. 409.]

FACTS AS TO GUILT—GENERAL REPUTE OF GUILT.—It is not proper for the court to allow evidence of the general repute of the defendant in the neighborhood in which he lives in order to establish that guilt. The facts themselves must be shown, and it is for the jury to draw inferences.

IMPROPER INSTRUCTIONS.—Nor is it proper for the court to charge the jury that if the defendant has by his acts induced others to believe, or the public to believe, that the defendant has cohabited with more than one woman, that his acts are unlawful.

IMPLIED BIAS—SETTING ASIDE VERDICT.—The court will not disturb the finding of a trial judge upon the question of implied bias, unless it is so clear a case as would warrant a judge in setting aside the verdict of the jury as against the evidence.

(Syllabus by the court.)

Idaho, Vol. 2—36

APPEAL from Third District Court, Bingham County..

John W. Langford was convicted of bigamy, and appeals. Reversed.

Smith & Smith, for Appellant.

The court had no jurisdiction to try this cause, as the indictment shows that the offense charged was committed in Bear Lake, instead of Bingham county, and this court takes notice that Blackfoot is in Bingham county. (U. S. Rev. Stats., secs. 1910, 1914; *Clinton v. Englebrecht,* 13 Wall. 434; *Reynolds v. United States,* 98 U. S. 145; *Miles v. United States,* 103 U. S. 304.) Consent to a wrong is not given by silence in a criminal case. (*People v. Dick,* 37 Cal. 277; *People v. Beeler,* 6 Cal. 247; *People v. Payne,* 8 Cal. 344; *People v. Demint,* 8 Cal. 424; *People v. Ah Fong,* 12 Cal. 347; *People v. Woppner,* 14 Cal. 437; *People v. Sanford,* 43 Cal. 29; *People v. Prospero,* 44 Cal. 186.)

James H. Hawley, United States District Attorney.

The presumption in the supreme court is that the proceedings below were correct, except in so far as the records show the contrary. (*People v. McAuslan,* 43 Cal. 55.)

LOGAN, J.—The defendant was indicted by a grand jury of the United States at Blackfoot, Idaho territory, at the June term of court, A. D. 1888, for a violation of section 3 of the act of Congress approved March 22, 1882, chapter 47, entitled "An act to amend section 5352 of the Revised Statutes of the United States in reference to bigamy, and for other purposes." Under this indictment the defendant was tried and convicted on the twelfth day of October, 1888, and from that judgment he has appealed to this court. The errors which it is claimed by the defendant were committed by the court below are as follows: "1. Error in overruling defendant's challenge to the jurors Henry Meyers and Thomas Holcomb. 2. Error in permitting counsel for the government to ask the following question: "What was the general repute in that community as to the relations existing between defendant and Rhoda Dimmick?" 3. Error in the re-

fusal of the court to charge certain requests made by the defendant, and error as to certain portions of the charge which the court actually delivered to the jury.

As to the first assignment of error, the jurors were challenged for implied bias, and, in the absence of the proof or evidence upon which the court below decided the question of implied bias, this court is bound to presume that the decision of the court below was fully sustained by the evidence. The decision of the question of implied bias is one of fact, and will not be disturbed by an appellate court, unless it is so clearly against the evidence as would warrant a judge in setting aside a verdict of the jury as against the evidence.  (*Reynolds v. United States,* 98 U. S. 145.)  In order to establish an offense under section 3 of the law of Congress mentioned above it becomes necessary for the government to show that the defendant actually cohabited with more than one woman.  We have already laid down, in the case of *United States v. Kuntze,* ante, p. 480, 21 Pac. 407 (decided at this term), what is meant by the term "cohabit" in this section, and defined it to mean, "To dwell or live together as husband and wife."  It therefore becomes necessary for the government, in order to convict the defendant, to show that the defendant cohabited with more than one woman, or did dwell or live together with more than one woman as husband and wife.  This was the substantive fact to be proven, and the only manner in which it could be proved would be to establish the acts of the defendant, and from these acts it is for the jury to say whether he has dwelled or lived together with more than one woman as husband and wife.  The facts themselves are to be proven, and the inference to be drawn from the facts is a question for the jury.  It was therefore manifestly improper for the government to ask the question which was asked and allowed by the court in this case.  The question itself, if answered in the affirmative, assumed all the facts which were necessary to be proven in order to establish the guilt of the defendant.  The defendant's guilt may be established by his own acts, but certainly to assume the guilt without proof of the acts would be manifestly improper.  Proof of marriage was not necessary, but proof of cohabitation was; and under no circumstances would this form of question be

proper in a case of this kind. Cohabitation might be inferred by the jury from the acts of the defendant, but such acts should not be inferred from general reputation. In this case the evidence which preceded this question, so far as it appears from the bill of exceptions, would not warrant the question, and, in fact, tended to prove nothing. It is claimed that the case of *Cannon v. United States,* 116 U. S. 55, 6 Sup. Ct. Rep. 278, is an authority for such a question. We are unable to view the case in that light. It appears there that facts were proven from which the court held the jury might infer guilt, but no such question was asked or commented upon. We are unable to find any authority warranting such evidence. (1 Greenleaf on Evidence, sec. 107; 2 Greenleaf on Evidence, sec. 461.)

The next assignment of error is the charge of the court to the jury, which was given at the request of the prosecution, as follows: "In determination of this you will consider whether, under the facts as proved, the acts of the defendant have been such as to lead the public to believe that the relations of husband and wife still continued. If they have been such as to induce others to believe, or the public to believe, that the marital relations still continue, then the acts of the defendant are unlawful." To this portion of the charge the defendant excepted. We think this exception is well taken. If the court had charged the jury that if, from all the facts which had been proven in the case (if there were any), they came to the conclusion that by such acts the defendant had held out to the public that the marital relation existed between himself and the two women named in the indictment, that then they should find the defendant guilty, the charge might have been proper; but the court did not so charge. Taking into consideration the evidence which had been admitted, and the charge of the court as given, it is clearly misleading; for in it the jury were told, in effect, that, if the defendant had by his acts induced the public to believe him guilty, then they must find him guilty. Nothing was said in regard to the acts which must be the foundation of public opinion; nothing was said as to what public was referred to; but merely that, if the acts have been such as to induce others to believe, or the public to believe, that the mari-

tal relations still continued, then the acts of the defendant are unlawful. The charge of the court in this case was not very full, and did not explain to the jury the facts that were necessary to be proven in order to establish this belief in the public; but by the admission of the testimony which we have already referred to it may well be supposed that the jury, without knowledge of any facts, found the defendant guilty merely upon the general proof that his acts had been such as to induce others or the public to believe him guilty. It may well be said that this was a conviction based upon public opinion.

It is again claimed that *Cannon v. United States, supra,* is an authority for this charge. We think it just the opposite. If a defendant of this kind cannot be convicted without the invention and application of new rules of law, it is better he should be acquitted.

It is unnecessary in this case to consider the question of the jurisdiction of the court. This question has already been considered and disposed of in the case of *United States v. Kuntze,* ante, p. 480, 21 Pac. 407 (decided at this term of the court); nor is it necessary to consider any of the other alleged errors in this case. It follows that the judgment must be reversed, and a new trial granted.

Weir, C. J., concurs.

BERRY, J., Dissenting.—This case comes up on a bill of exceptions. The evidence given in the court below is not brought up. Whenever, therefore, the lawfulness of proceeding upon the trial depends on the evidence given at the trial, the presumption is that the requisite evidence was given. The majority of the court think there were two instances of error on the trial: 1. In the charge of the court to the jury; and 2. In allowing evidence of repute in the family and community where the defendant resided, as to the nature of the relations of the defendant with the woman in question, and whether they were regarded in the family and community as those of husband and wife.

On both of these points I am constrained to dissent.

First, as to error in the charge. The alleged ground of this is as follows: Evidence had been given, and the fact was not

denied, that for years previous to the first day of June, 1886 (the beginning of the time alleged in the indictment as the beginning of the time covered by the unlawful cohabitation), the defendant, having a lawful wife still living, had publicly lived and cohabited with another woman, one Rhoda Dimmick, as his wife; that he had at least one child by her. She went by his name, and was in that community known and recognized as the defendant's plural wife. It was stated by defendant in his own behalf, on the trial, that on or shortly prior to the first day of June, 1886, it was agreed between said defendant and Rhoda Dimmick that they would thenceforth live separate and apart. It was shown that the defendant still supported said Rhoda and her child as formerly, and that he was seen at her house. After the cause was summed up, the court charged the jury that "if from all the evidence you are satisfied beyond a reasonable doubt, that the defendant has cohabited with the woman in question at the time or any part of the time mentioned in the indictment, it will be your duty to find the defendant guilty; but if, on the other hand, you shall not believe from the evidence, beyond a reasonable doubt, that the defendant has so cohabited with said Rhoda Dimmick, then you will find a verdict of not guilty. In this case you cannot find the defendant guilty unless you find from the evidence that defendant has lived with his wife and with Rhoda Dimmick, in the habit and repute of marriage, as to both of said women, between the first day of June, 1886, and the eighth day of June, 1888; and if you find that prior to June 1, 1886, they separated by agreement, and ceased their relations of husband and wife, and made the termination of those relations notorious and public, and wholly and publicly repudiated those relations, and have not since lived together, or continued such marital relations in public or privately, and that he has only contributed property to her support, but not as to a wife, then this does not constitute such a cohabitation as is condemned by law, and it would then be your duty to find him not guilty. This change of relations must be real, and not merely colorable and unreal. It is not the object of the law to punish for acts of justice or benevolence. There is a wide distinction between such acts, and such as the law prohibits. The example before the public

and the influence of such acts are widely different. In the determination of this you will consider whether, under the facts as proved, the acts of the defendant have been such as to lead the public to believe that the relations of husband and wife still continued. If they have been such as to induce others to believe, and to induce the public to believe, that the marital relation still continued, then the acts of the defendant are unlawful." A portion of this charge embodies a request of the defendant's counsel. The part embodying the request is from the words, "in this case the jury," to and including the words, "find him not guilty." The court declined to give as requested, except as modified at the places where those words occur, by inserting the words, "and made the termination of those relations notorious and public, and wholly and publicly repudiated those relations"; also, "or continued such marital relations in public or privately"; also, "but not as to a wife."

It will be seen that the counsel for the defendant himself assumed, and the court assumed, as it was in fact proved that up to about June 1, 1886, the defendant had lived in the repute of matrimony with Rhoda Dimmick; that on the strength of this alleged agreement with Rhoda, testified to by the defendant himself, and which nobody but he appears to have even suspected, he seeks to evade punishment. With the amendments was given a statement of their true intent and meaning. On any fair reading it only amounts to this: that as the public relations of the defendant and Rhoda up to June 1, 1886, had been those of husband and wife, those relations would be presumed so to continue until there was some change visible to others in their relations. How long that presumption would obtain is another question. But if it hold any considerable time after the 1st of June, 1886, it brings the case within what those continuing relations were. This was competent as showing the repute in which he lived. It was competent in showing the nature of the acts proven, though not of itself sufficient to convict. Such is the rule of law applied in Utah, where most cohabitation cases have been tried, and also in Idaho. The bill of exceptions does not purport to bring up the evidence, except of the identical witnesses to whom the question of repute was put; and, because each of those witnesses did not from his

own knowledge testify to sufficient (as is claimed) facts of so-
cial intercourse, the nature of which facts were in question,
and however fully such facts may have been proven by other
witnesses, the contention is that such evidence of repute was
improper. The point made is practically that under no condi-
tions is such evidence admissible.

Again, it must be said the offense charged is not bigamy or
polygamy, and a marriage in fact was not in issue. But, the
fact of having a legal wife still living being admitted, the only
question to which this evidence was directed was as to whether
the defendant was also living in repute of marriage with Rhoda
Dimmick. For the purpose of qualifying those acts of de-
fendant, and showing the repute in which he was living, such
evidence is competent. (1 Greenleaf on Evidence, secs. 101,
103, 107; *Pettengill v. McGregor,* 12 N. H. 179; *Tarpley v
Poage,* 2 Tex. 139-149; 1 Bishop on Marriage and Divorce, secs.
438-440.) But to enforce this objection the counsel contends
that the facts known to each witness must at least be sufficient
to call for such qualifying evidence. This distinction between
those identical witnesses and other witnesses in the case is not
well taken. All the facts proven must be taken together.
(*Scott v. Lloyd,* 9 Pet. 460; *Reenan v. Hayden,* 39 Wis. 558-
561.) The order denying a new trial should be affirmed.

Order reversed.