[Sac. No. 2718.   Department One.—December 27, 1918.]

## EMMA D. HINTON, etc., Appellant, v. BLANCHE E. WELCH, as Executrix, etc., Respondent.

PARTNERSHIP — CONFLICT OF EVIDENCE — APPEAL.—Where, in an action instituted by the plaintiff against the estate of her deceased brother to have it decreed that the former was entitled to one-half of the property of the estate as the surviving partner of the deceased, the court found upon conflicting evidence that no partnership had ever existed, such finding will not be disturbed on appeal.

ID.—EVIDENCE—PART OF CORRESPONDENCE—VOLUNTEERED STATEMENT—ADMISSIBILITY OF WHOLE.—While it is true that a party may not, under the provisions of section 1854 of the Code of Civil Procedure, offer a letter of an opposing party for the mere purpose of laying the foundation for the admission of an answer to it containing self-serving declarations on the part of the writer of such reply, yet when the plaintiff has volunteered to state in part the subject matter of a correspondence between the parties, the other party is entitled to have and to present in evidence the whole correspondence to which her testimony thus volunteered relates.

ID.—PART OF CONVERSATION—ADMISSIBILITY OF WHOLE—SELF-SERVING DECLARATIONS.—When part of a conversation is given in evidence by one party, the whole conversation may be given by the other party, even though it may embrace the latter's self-serving declarations.

ID.—REPUDIATION OF PARTNERSHIP—LACHES—EVIDENCE—LETTER OF DECEASED.—In such action, where issues were joined as to whether the deceased had ever repudiated the partnership, and if so, whether the plaintiff was guilty of laches in prosecuting her claim, a letter of the deceased containing a repudiation of the partnership and denial of its existence was admissible.

ID.—LETTERS WRITTEN AFTER REPUDIATION — EVIDENCE — LACHES.—In such action letters written by plaintiff after the alleged repudiation of the partnership are admissible as evidence tending to prove laches in the assertion of the existence of the partnership until after the partner's death.

APPEAL from a judgment of the Superior Court of Merced County, and from an order denying a new trial. E. N. Rector, Judge. Affirmed.

The facts are stated in the opinion of the court.

Muhleman, Crump & Williams, for Appellant.

Haven & Athearn, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal prosecuted by the plaintiff from a judgment in the defendant's favor. The action was one instituted by the plaintiff against the estate of her deceased brother, Charles J. Welch, to have it decreed that the former was entitled to one-half of the property of said estate as the surviving partner of said deceased. Upon the trial of the cause the court made its findings to the effect that no agreement of partnership was ever entered into between the plaintiff and the deceased, that no such partnership ever existed; that no partnership business was ever conducted by them; that the property described in the complaint was never the property of any such partnership, and that plaintiff had no interest therein. The court further found that if any such partnership had ever existed, a full settlement thereof had been had in April, 1910. It further found that the deceased had repudiated any such alleged partnership relation in May, 1910, and that the plaintiff then had notice of such repudiation and, based upon this finding, the court further found that the plaintiff was guilty of laches in the prosecution of her said claim and of the present action, and that her alleged cause of action was barred by the provisions of section 343 of the Code of Civil Procedure. Judgment accordingly went for the defendant, from which judgment, after a motion for a new trial had been denied, this appeal was taken.

The appellant's first and main contention is that the evidence was insufficient to justify the finding of the court to the effect that a partnership had never existed between the appellant and Charles J. Welch, her deceased brother. The evidence in the case is quite voluminous, covering a period of about thirty years, during the latter half of which the partnership, according to the plaintiff's contention, was in existence. No useful purpose would be subserved by a review in detail of this evidence, but this court, after a careful examination of the record embracing the same, is satisfied that a substantial conflict is presented as to whether or not such partnership was formed or existed at any time during

said period or at all. The trial court resolved this conflict in favor of the defendant's contention that no such partnership had ever existed, and its finding in that regard will not therefore be disturbed upon appeal.

The further finding of the court to the effect that such partnership, if it ever existed, was repudiated by Charles J. Welch in the month of May, 1910, would be immaterial in view of its first above finding that such partnership did never in fact exist except as the same may have a bearing upon certain errors of law which the appellant insists were committed by the court during the trial of the cause and which have relation to the court's conclusion that the plaintiff was guilty of laches in the presentation of her said claim and in her prosecution of this action, and that said action is barred by the statute of limitations. These errors of law were alleged to have been committed in the admission in evidence of certain letters of the deceased to the plaintiff and also in the admission of certain letters of the plaintiff herself. As to the first of these the record discloses the following to be the facts: The plaintiff, while upon the witness-stand in her own behalf, but while undergoing cross-examination, was asked this question, "You received, did you not, Mrs. Hinton, all of the money which you were entitled to from the estate of your father?" The plaintiff answered this question at some length, in the course of which she volunteered the statement that she had written a letter to her brother requesting a statement as to her half interest in the ranch to which she had received a reply. The defendant produced her said letter and offered it in evidence and thereupon offered in evidence the decedent's letter in reply. To the admission of this latter letter the plaintiff objected upon the ground that it was inadmissible as a self-serving declaration. We are inclined to the opinion that this objection was not well taken, for while we think it is true that a party may not, under the provisions of section 1854 of the Code of Civil Procedure, offer a letter of an opposing party for the mere purpose of laying the foundation for the admission of an answer to it containing self-serving declarations on the part of the writer of such reply, yet when, as in this case, the plaintiff has volunteered to state in part the subject matter of a correspondence between the

parties, the other party is entitled to have and to present in evidence the whole correspondence to which her testimony thus volunteered relates, upon the same principle, also covered by section 1854 of the Code of Civil Procedure, that when part of a conversation is given in evidence by one party, the whole conversation may be given by the other party, even though it may embrace the latter's self-serving declarations. There is, however, another and a conclusive reason why the letter of the plaintiff's deceased brother, to which objection was made, was properly admitted in evidence. Among the issues joined in the case were those as to whether the said decedent had ever repudiated the partnership in question, and whether, if he had so done, the plaintiff was guilty of laches in not prosecuting her claims as to the existence of such partnership within a reasonable time after such repudiation. The letter of the plaintiff's deceased brother, to the admission of which objection was made, was the letter which, the defendant asserted, contained his repudiation of the partnership and his denial that such partnership had ever existed; it was, therefore, admissible in evidence of those facts for the purpose of setting in motion the time within which the plaintiff, with knowledge of such repudiation and denial, would be bound to take action for the assertion and establishment of her claims or be guilty of laches and liable to the bar of the statute of limitations for failing so to do. This letter, having been thus properly admitted, formed a sufficient basis, taken in connection with the other facts of the case, to justify the court's findings in the defendant's favor upon the subject of laches and of the bar of the statute of limitations.

The other alleged error of law committed by the trial court was that of admitting in evidence a large number of letters of the plaintiff to her deceased brother, written after the date of his alleged repudiation of the partnership, for the purpose of showing that the plaintiff had not, during such period and until after her brother's death, asserted or insisted upon the existence of such partnership. We think these letters were properly admissible for this purpose and as having some weight in determining the issue of the plaintiff's laches in not insisting upon her alleged rights as a partner until after the decease of her brother.

There are no other points in the case requiring consideration.

Judgment and order affirmed.

Sloss, J., and Victor E. Shaw, J., *pro tem.,* concurred.

Hearing in Bank denied.

All the Justices concurred.