## STEIL et al. v. HOLLAND et al.

(Circuit Court of Appeals, Ninth Circuit. February 2, 1925. Rehearing Denied March 9, 1925.)

No. 4268.

1. **Appeal and error ⬅237(5)—Sufficiency of evidence not considered, in absence of motion for directed verdict.**

Sufficiency of evidence to justify verdict will not be considered on writ of error, where there was no motion in lower court for instructed verdict on ground of insufficiency of evidence.

2. **Appeal and error ⬅1003—Weight of evidence was for jury.**

The weight of the evidence was for the jury.

3. **Appeal and error ⬅928(1)—Jury presumed to have been properly instructed.**

Jury will be presumed to have been properly instructed on the law.

4. **Appeal and error ⬅1002—Verdict will not be disturbed.**

Verdict settling the facts will not be disturbed, when supported by evidence.

5. **Evidence ⬅271(19)—Sellers' letter, in reply to buyers' letter and telegram, held competent, though it contained self-serving expressions.**

In sellers' action for price, involving issue whether goods were defective, sellers' letter, written in reply to letter and telegram from buyers, complaining of the goods and informing sellers that certain goods were being returned, *held* competent, though it contained self-serving expressions.

6. **Appeal and error ⬅237(2)—Plaintiffs in error, who did not move to strike out evidence, cannot complain that evidence was allowed to remain in case.**

Plaintiffs in error, having made no motion to strike out evidence referred to in assignment complaining that such evidence was allowed to remain in the case, ought not complain thereof.

7. **Evidence ⬅131—Evidence held to prove that goods sold to other customers was of same manufacture, so as to admit evidence that other customers made no complaints.**

In sellers' action for price, involving issue whether goods were defective, evidence *held* to show that goods sold to other customers was of the same manufacture as goods sold to buyers, so as to admit evidence that other customers had made no complaint.

8. **Sales ⬅391(5)—Buyers not entitled to credit for goods returned to sellers after sale and delivery thereof.**

Where there was a sale and delivery of goods, the goods became the property of the buyers, and buyers were not entitled, on return of a portion of the goods, which sellers received without prejudice, to credit therefor, in absence of breach of warranty.

In Error to the District Court of the United States for the Southern Division of the Northern District of California.

Action by Sidney Holland and others, copartners doing business as Holland & Sherry, against Arthur Henry Steil and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

Following a verdict of a jury in favor of Holland & Sherry, of London, dealers in woolen goods, judgment went against the Henry Steil Company, tailors in San Francisco, for moneys due for the purchase of certain materials by the Steil Company. The Steil Company brought writ of error.

The complaint alleged that certain woolen goods were sold by Holland & Sherry at the special instance and request of the tailors at an agreed price of over $18,000; that after deducting payments made and credits allowed there remained due and unpaid a balance of $14,329.45. The answer admitted the sale and delivery of the goods; alleged payment of $4,000 on the purchase price, and that pursuant to the contract of purchase defendants returned certain of the goods, for which a credit of approximately $9,000 was due; alleged that defendants were entitled to certain other credits and discounts, leaving a balance of $4,500, which was tendered to plaintiffs prior to the commencement of the action; averred that, prior to the placing of the order for the goods, certain materials previously bought from plaintiffs were found not to be as represented and warranted by Holland & Sherry, and that upon objection being made defendants were allowed a substantial discount on the purchase price; that after such allowance plaintiffs agreed that, in consideration of defendants waiving the breach of warranty, if at any time goods purchased were not as represented, they could be returned to plaintiffs; that because of previous dissatisfaction with goods from Holland & Sherry, at the time the order in controversy was placed, defendants exacted a warranty that the goods would be first-class, fast dyes, and made of long wool; that certain of the goods received upon the order in controversy were found to be unsatisfactory and inferior, and that two parcels of them were returned, for which defendants were entitled to a credit of $8,966.24.

R. L. McWilliams, of San Francisco, Cal., for plaintiffs in error.

Preston & Duncan, of San Francisco, Cal., for defendants in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1] As the record fails to show that defendants below, plaintiffs in error here, moved for an instructed verdict on the ground of the insufficiency of the evidence, the general assignment that the evidence is insufficient to justify the verdict presents no question for review. Bank of Italy v. Romeo (C. C. A.) 287 F. 5. In Penn Casualty Co. v. Whiteway, 210 F. 782, 127 C. C. A. 332, we said: "When an action at law is tried before a jury, their verdict is not subject to review, unless there is absence of substantial evidence to sustain it, and even then it is not reviewable, unless a request has been made for a peremptory instruction, and an exception taken to the ruling of the court." Laurie v. United States (C. C. A.) 278 F. 934; Bank of Waterproof v. Fidelity & Deposit Co. (C. C. A.) 299 F. 478.

[2-4] Several other assignments are somewhat less indefinite. They are in substance that the evidence failed to show that plaintiffs did not warrant the quality of the goods in controversy, and did not agree that the defendants might return the goods in controversy at any time they desired to do so, and did not breach the warranty made in connection with the sale of the goods, and did not accept the goods returned to them by defendants. Passing all question of the defective form and sufficiency of such assignments, they are all disposed of by the record, which discloses evidence on behalf of the defendants in error, denying that there was a warranty of the goods involved, or that there was any agreement under which the goods or any part thereof could be returned, or that there was any breach of agreement of warranty. The weight of the evidence was for the jury, which was presumably properly instructed upon the law, and their verdict settling the facts will not be disturbed.

[5] It is argued that the court erred in overruling defendants' objection to the introduction of all but the opening and closing paragraphs of a certain letter offered by plaintiffs below. The letter, dated February 24, 1922, was written by the agent of Holland & Sherry to the Steil Company in reply to a letter and telegram sent by the Steil Company to Holland & Sherry, and was introduced with other correspondence upon the cross-examination of defendant Arthur Steil. In their letter the Steil Company complained of the quality of the merchandise, and said that they were returning certain goods found to be unsatisfactory, and that they were informed that in some instances allowances had been made for the poor quality of such goods. In the reply Holland & Sherry referred to "various acknowledgments" by the Stiel Company that they were overstocked, and took up the statement that much of the merchandise was unsatisfactory, and compared that statement with their experience with other customers throughout the country, saying that the statements of the Steil Company proved a desire to unload some of the merchandise of which they admitted they had bought too much. The letter went on to say that sales of goods from the same pieces were made to other tailors, who had not complained, and expressed regret that, under the facts and circumstances, no further allowances or extensions of credit could be given, and no more returned goods would be accepted. It may be that parts of the letter contained sentences of a self-serving nature, but as the whole letter pertained to the transaction, and was a response to a letter already in evidence, notifying Holland & Sherry of the return of goods claimed to be unsatisfactory, the fact that the reply contained self-serving expressions did not render the letter incompetent. Hinton v. Welch, 179 Cal. 463, 177 P. 282.

[6, 7] It is argued that the court erred in "allowing the evidence that other merchants to whom plaintiffs below had sold goods had made no complaint and found nothing wrong with said goods, to remain in the case for the consideration of the jury after the failure of defendants in error to show that such goods were of the same manufacture as those sold to plaintiffs in error." It will be observed that the assignment is only to allowing the evidence to remain; but, as defendants made no motion to strike out the evidence referred to in the assignment, they ought not to complain. However, the question of practice need not be dwelt upon, because there was direct testimony by plaintiffs below to the effect that they had sold goods of the same "range" to other tailors in San Francisco, and had received no complaints, and that a "range of goods" is the same quality, or the different colors or patterns of the same goods.

[8] There is no merit in the contention that the Steil Company should have received credit for certain goods sent back to Holland & Sherry. Again the plaintiffs in error are confronted with the evidence, which is that prior to the sending back of any shipments Holland & Sherry wrote to the

Steil Company that they would not accept the return of the goods, and that in April, 1922, after a second shipment, they wrote that for the purpose of saving storage charges, and "without prejudice" to their "rights," they would take the shipment and act upon advice of counsel in the matter of sale and credit upon account. The letter closed by asking advice as to any other disposition of the goods that the Steil Company might desire. As there was a sale and delivery of the goods, they became the property of the Steil Company, and, as there was no breach of warranty, the Steil Company could not compel Holland & Sherry to take them back. They are still the property of the Steil Company.

The judgment is affirmed.