[Crim. No. 2309.   Second Appellate District, Division Two.—March 2, 1933.]

THE   PEOPLE,   Respondent,   v.   VERNER   HANSEN, Appellant.

Halverson & Halverson and Orbison & Irwin for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

ARCHBALD, J., *pro tem.*—Defendant was charged with robbery, the jury returning a verdict of guilty. From an order denying his motion for a new trial and from the judgment entered on said verdict he has appealed. No question is raised as to the sufficiency of the evidence to sustain the verdict and judgment, but appellant urges that the court erred in giving certain instructions and in refusing to give others requested by him.

The arrest grew out of the robbery of a drug-store in Los Angeles on the evening of July 19, 1932. According to the testimony for the plaintiff, three men entered the store. Two of them, with guns, forced the occupants to face the wall in the back room, while the third took money out of the cash register. Appellant was not identified as being one of the three inside the store, but was identified as being on the outside, and, in company with the three, as having run to a car near by, with the driver, all of whom jumped into the car which was driven away. Evidently the witnesses, although they identified the appellant, failed to identify a man who pleaded guilty to being one of the three in the store.

Appellant requested an instruction on the presumption of innocence, which was refused by the court "except as covered by instructions given". Appellant admits that the instruction as given by the court correctly stated the law, but apparently complains because the court gave all of the fifteen instructions requested by plaintiff and refused all but one of the eighteen offered by him; and also because the instruction given was involved with the doctrine of reasonable doubt. We see no error in the instruction given or any prejudice to appellant that could possibly have resulted therefrom.

Appellant offered an instruction which in effect charged that where the verbal admission of a person charged with crime is offered in evidence the whole of the admission must be taken together, as well that part which is favorable to the accused as that which is against him, and that if the favorable part is not disproved, or is not improbable or un-

true when considered with all the other evidence, such part is "entitled to as much consideration from the jury as any other part of the statement". We see no error in the court's refusal to give such instruction. ▆ An admission against interest is admissible because of the great probability that an individual would not make a statement tending to injure himself unless the same were true. If there are parts of a conversation which are so admissible as against interest, the entire conversation is admissible "even though it may embrace . . . self serving declarations" (sec. 1854, Code Civ. Proc.; *Hinton* v. *Welch,* 179 Cal. 463, 466 [177 Pac. 282, 283]). Such evidence is not admissible because of its own weight and sufficiency, but because by reason of its intimate connection with the self-serving statement it may rebut, qualify or explain it (*Granite Gold Min. Co.* v. *Maginness,* 118 Cal. 131 [50 Pac. 269]). This is clearly shown by Algernon Sidney, who says that the publisher of the Bible might be subjected to a criminal charge for printing the phrase, "The fool hath said in his heart there is no God." The last four words, "there is no God", might be selected and the publisher indicted for blasphemy, and yet with the context their use could not be said to be criminal. In our opinion all parts of such a statement are not to be regarded as equally worthy of credit, but the whole statement is to be considered by the jury for the purpose of determining the weight to be given to such portion of it as was admissible by reason of its own merit. The proposed instruction was not a correct statement of the law.

▆ The court also refused to give a cautionary instruction as to verbal admissions. Such an instruction seems to be justified by section 2061, subdivision 4, of the Code of Civil Procedure. But it is well settled that such an instruction, "if not in violation of the constitutional injunction against charging juries on matters of fact, is one that may properly be refused as a 'mere commonplace'. In short, a judgment will not be reversed either for the giving or the refusing" thereof. (*People* v. *Raber,* 168 Cal. 316, 320 [143 Pac. 317, 318].)

▆ At plaintiff's request the usual instruction, that a witness false in one part of his testimony is to be distrusted in others, etc., was given. In the case of *People* v. *Kelly,* 146 Cal. 119, 123 [79 Pac. 846, 848], the court said of a sub-

stantially similar instruction that the effect of it is "simply that the jury must reject the testimony of the witness referred to unless they shall be convinced of its truth, which is to leave the credibility of the witness to the jury". Regardless of whether or not such an instruction is a charge by the court on questions of fact, as urged by appellant, it is most certainly "a mere commonplace that an intelligent juror would be apt to know about and act upon in the absence of instruction [and] is not regarded as harmful or as constituting a proper ground for reversal" (*People* v. *Tibbs*, 143 Cal. 100, 103 [76 Pac. 904, 905]; *People* v. *Hower,* 151 Cal. 638, 649 [91 Pac. 507]).

The court instructed the jury that "the flight of a person immediately after the commission of a crime, or after he is accused of a crime that has been committed, is not sufficient in itself to establish his guilt, but is a fact which, if proved, the jury may consider in deciding his guilt or innocence. The weight to which such circumstance is entitled is a matter for the jury to determine". Such instruction "neither assumes the guilt nor flight of the defendant" (*People* v. *Forsythe,* 65 Cal. 101, 104 [3 Pac. 402, 404]), and we fail to see how it is a charge on the evidence in any respect.

The court very properly instructed the jury as to the presumption of innocence, reasonable doubt and the burden of proof, and we see no error in refusing the three instructions requested by appellant covering such questions in a different way.

The court instructed the jury that "it is not incumbent upon the prosecution to show that a pistol used by a person in the perpetration of a robbery is actually loaded at the time of the commission of the robbery. The question as to whether a given instrument is a dangerous or deadly weapon depends for its solution primarily upon the attendant circumstances, as well as upon the use which has been made or is proposed to be made of the particular instrument". Appellant argues that such instruction assumes (1) that there was a robbery and (2) that a pistol was used in perpetrating it. The language used makes no such assumption. As a matter of fact, it follows two instructions, one of which defined first and second degree robbery and told the jurors it would be their duty to determine the degree

thereof if a verdict of guilty was found, and the other of which informed them that where two or more persons, acting in concert, perpetrated a robbery, "one of whom is armed with a dangerous or deadly weapon" as defined in the instructions, such robbery is of the first degree as to all persons concerned in its commission. Following these came the instruction complained of, which simply furnished the needed definition of "dangerous or deadly weapon".

Judgment and order affirmed.

Craig, Acting P. J., and Stephens, J., concurred.