[No. 4183.]

## ARNOLD HUSSMAN *v.* FERDINAND WILKE AND WILLIAM HAYES.

NONSUIT IN EJECTMENT.—If a landlord is made a joint defendant with his tenant in an action of ejectment, and there is no proof on the trial that the landlord was in possession of any part of the demanded premises at the time of the commencement of the action, the landlord is entitled to a nonsuit.

ESTOPPEL IN EJECTMENT.—If the defendant in ejectment entered into possession of the demanded premises by permission of the plaintiff, he is estopped, while remaining in possession, from denying the title of the plaintiff.

IDEM.—The above rule is not defeated by the facts, that the defendant found a third person in possession of the premises who held them as the plaintiff's agent for the benefit of the plaintiff, and that the defendant agreed with him to take possession of and hold the premises for the plaintiff, and that to carry out the agreement, the defendant took from such third person a written lease of the premises, and upon the delivery of the lease took possession of the premises from such third person.

CONTRADICTION OF WRITINGS BY PAROL TESTIMONY.—The rule that written instruments cannot be changed or contradicted by parol testimony, is confined to controversies between the parties to such instruments or those claiming under them.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

Ejectment to recover possession of a lot of land at the northeast corner of Guerrero and Eighteenth streets, city and county of San Francisco. The suit was commenced November 10, 1869. The lease of Rix to Wilke was a written contract by which Rix agreed to let Wilke have possession of the land for one month, and Wilke agreed to take and hold such possession under Rix as his landlord, and

pay therefor a rent of one dollar.   It was signed by both of them.   The plaintiff appealed.

The other facts are stated in the opinion.

*Sidney V. Smith and Son,* for the Appellant.

As to all sorts of written contracts, we find the rule to be flatly laid down in Chitty on Contracts (p. 103), that "parol evidence may be admitted to show that one or both of the contracting parties to an agreement were agents for other persons, and acted as such in making the contract, so as to give the benefit of the contract on the one hand to, and on the other hand to charge with liability, the unnamed principals."

The leading case upon this subject in England is *Higgins* v. *Senior* (8 Mees. & Wels. 834), where the court, after using the language just cited from Chitty, say: "This evidence in no way contradicts the written agreement.   It does not deny that it is binding on those whom, on the face of it, it purports to bind, but shows that it also binds another, by reason, that the act of the agent in signing the agreement in pursuance of his authority is, in law, the act of the principal."

This and other English cases touching the question are fully reviewed in 2 Smith's Leading Cases (p. 222—note to *Thompson* v. *Davenport*).

The following were cases at law, in which the plaintiff was allowed to sue upon and take the benefit of a written contract made by his agent in the agent's own name: *Cothay* v. *Fennell,* 10 B. & C. 671; *Huntington* v. *Knox,* 7 Cush. 371; *Hubbert* v. *Borden,* 6 Whart. 79; *Brooks* v. *Minturn,* 1 Cal. 481.

No proof of plaintiff's possession, or right of possession, was necessary.   It is already settled in this State, by the case of *Potter* v. *Knowles* (5 Cal. 87), that where the agent of plaintiff has put defendant in possession of land under the plaintiff, the mere act of so doing is sufficient possession in the plaintiff, as against the defendant, whereon to found ejectment, and that the defendant is estopped from denying plaintiff's title.

*Alexander Campbell and Wm. Hayes,* for the Respondent.

The lease from Rix to the defendant Wilke was clearly inadmissible, as it could not tend to show title or right in the plaintiff. The parol evidence to expressly contradict and vary the lease, was incompetent. By the terms of the lease, Rix was the lessor, and yet, by parol evidence, it was attempted to substitute the name of Hussman for that of Rix. The rule is forcibly stated and clearly illustrated in 1 Greenleaf's Ev. (Sec. 278, to and including Sec. 282.)

Courts of law do not allow written instruments to be contradicted, added to, subtracted from, or varied by extrinsic evidence. When done by courts of equity, it is upon a bill containing proper averments, showing fraud, mistake, etc. (2 Phillips's Ev. 534, *et seq.*)

By the Court, Wallace, C. J.:

This is an action of ejectment. The plaintiff was nonsuited at the trial, and the appeal is taken from the judgment and an order subsequently entered denying the plaintiff a new trial.

1. The action was brought in 1869, and Hayes, the landlord of the defendant Wilke, was joined with the latter as a defendant in the action. Hayes, among other defenses, pleaded the general issue, and there being no proof that at the time of the commencement of the action he was in possession of any part of the premises sued for, the nonsuit was proper as to him.

2. As to the defendant Wilke, the material facts are, that in 1861, one Rix, being at the time in charge of the premises for the benefit of the plaintiff, agreed with the defendant Wilke to let the latter into possession, to hold for the protection of the plaintiff, and that in pursuance of this agreement, and for the purpose of carrying it into effect, he, Rix, subsequently delivered to the defendant Wilke a lease, in which lease, however, *Rix purported to be the lessor* and Wilke the lessee, and that upon the delivery of the lease, the latter took possession of the premises, and has ever since remained in their possession. In this condition

of things, and in 1863, the defendant Wilke released to Rix his interest in the premises by quitclaim deed, without any consideration in fact, and subsequently, in the same year, Rix, at the request of the defendant Wilke, conveyed the premises to the defendant Hayes, without consideration.

The record does not disclose the particular grounds upon which the plaintiff was nonsuited, but they are supposed to be the same which were adverted to by the learned judge below in denying the motion for a new trial: "That the plaintiff had not shown a title in fee in the land described in the complaint, or any possession or right of possession of said land, in him, or his predecessors or grantor."

If Wilke entered into the possession of the premises by permission of the plaintiff, he is, upon familiar principles, estopped, while remaining in possession, to deny the title of the plaintiff. Rix was agent of the plaintiff, and at the time in charge of the premises for the plaintiff's benefit. The defendant Wilke was admitted into possession by Rix, as he states, upon his express agreement to hold the premises for the protection of the plaintiff. Under such circumstances, it is not for him to question the plaintiff's title.

I do not understand the general rule in this respect to be controverted by counsel for the respondent, but it is supposed that its application in this case is embarrassed, or defeated altogether, by the circumstance that the lease delivered contained the name of Rix, and not that of the plaintiff here, as lessor. But the estoppel against the defendant Wilke does not spring from the fact of the lease delivered, but from *occupation of the premises by permission of the plaintiff*. This has been considered to be the foundation of the estoppel since the middle of the last century, as an examination of the adjudged cases will show. The facts that the defendant Wilke took possession of the premises by the permission of the plaintiff, given by Rix, his agent, and for the agreed purpose of protecting the interests of the plaintiff, of themselves, operate the estoppel under the rule referred to. The further fact that the instrument of lease ran in the name of Rix, the agent of the plaintiff, is of no import. The instrument of lease was the mere means,

awkward enough to be sure, adopted by Rix and the defendant Wilke, to effectuate the antecedent agreement under which Wilke entered into possession. The plaintiff is not to be deprived of the benefit of the estoppel, and to have his estate put in peril, merely because Wilke and the plaintiff's agent supposed that the agreement by which the former was to hold the premises for the plaintiff would be aided or effectuated by the delivery of an instrument of lease running in the name of the agent instead of that of the principal. Nor does the fact that such a lease was delivered preclude the plaintiff from showing the further fact that the entry of Wilke was in subservience to the plaintiff's title, and for the purpose of protecting that title. The plaintiff is a stranger to the instrument of lease, and even if proof of the fact that Wilke entered by his permission is to be taken as contradicting the terms of the lease, he would still be at liberty to so contradict it, for the rule that written agreements or instruments cannot be altered, changed or contradicted, is confined to controversies between the parties to such instruments or those claiming under them. (See *Smith* v. *Moynihan*, 44 Cal. 53, and the authorities there cited.)

The judgment as to the defendant Hayes is affirmed; as to the defendant Wilke it is reversed, and the cause remanded for a new trial.

Mr. Justice McKINSTRY did not express an opinion.