[No. 11649.   Department One. — October 26, 1888.]

CRESCENT CITY WHARF AND LIGHTER COM-
PANY, Respondent, v. A. M. SIMPSON et al.,
Appellants.

Injunction — Damages — Removal of Moorings — Admiralty Jurisdic-
tion. — When the action is *in personam*, to obtain an injunction to
prevent the removal of moorings from navigable waters, and to recover
damages for such moorings as have been removed, the state courts have
concurrent jurisdiction with the federal courts.   The jurisdiction is con-
current over causes of admiralty and maritime jurisdiction in all cases
where a common-law remedy is sought which the common law is compe-
tent to give.

Id. — Wharf — Appurtenances — Complaint — Demurrer for Ambigu-
ity and Uncertainty. — A complaint averring in substance that cer-
tain moorings, anchors, and buoys were in the possession and under the
control of the plaintiff, and were necessary and appurtenant to a wharf
leased by the plaintiffs from the proper authorities of a city; that one
of them had been removed by the defendants, to the damage of plaintiff
in the sum of fifteen thousand dollars, and that defendants threaten to
remove the rest of them; and that the injury threatened could not be
estimated, and was irreparable, — is not demurrable for ambiguity and
uncertainty, as to the title to the moorings, nor as to the estimate of
damages and irreparable injury.

Injunction — Waste — Insolvency — Pleading. — When an injunction is
sought to restrain irreparable injury to the inheritance, from a trespass
threatened in the nature of waste, the complaint need not allege the
insolvency of the defendant.

Corporation — Corporate Seal — Evidence. — Where a corporate seal is
affixed to an instrument by the proper officer of the corporation, it is
sufficient *prima facie* to show the authority for its execution, and the in-
strument is admissible in evidence.

Lease — Acceptance by Lessee. — It is not necessary to the validity of a
lease that the lessee should affix his seal thereto.   His acceptance is
shown by claiming and occupying under it and paying rent.

Appeal from a judgment of the Superior Court of Del
Norte County, and from an order denying a new trial.

The demurrer for ambiguity and uncertainty referred
to in the opinion was as follows: "That it cannot be
discovered in the said complaint whether the plaintiff
claims title to the moorings in question by virtue of the
ownership, or by virtue of user thereof; it is unintelli-
gible and uncertain for the same reason; it is also am-

biguous in asserting that it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief to the plaintiff, and in asserting that no pecuniary damages would be an adequate compensation to the plaintiff herein for the loss of the said anchors, moorings, and buoys, and further asserting that, by reason of the premises, plaintiff has been injured, and has sustained damages in the sum of fifteen thousand dollars ($15,000)." The further facts are stated in the opinion.

*L. F. Cooper*, *L. F. Coburn*, and *Daniel Titus*, for Appellants.

The facts constituting irreparable injury must be set forth. (High on Injunctions, secs. 460, 461; *Gauze* v. *Perkins*, 3 Jones' Eq. 177; 59 Am. Dec. 728; *Schurmier* v. *St. Paul etc.*, 8 Minn. 113; 83 Am. Dec. 770; *Weigel* v. *Walsh*, 45 Mo. 560; *Bethune* v. *Wilkins*, 8 Ga. 118; *Van Winkle* v. *Curtis*, 3 N. J. Eq. 422; *Shipley* v. *Ritter*, 7 Md. 408; 61 Am. Dec. 371; *Ex parte Foster*, 11 Ark. 304; *Ross* v. *Page*, 6 Ohio, 166; *White* v. *Flannigain*, 1 Md. 525; 54 Am. Dec. 668; *Waldron* v. *Marsh*, 5 Cal. 120.) None of these moorings were attached or in any manner affixed to the wharf, and none of them were on the land of the plaintiff or to which it had any right whatever, but all were attached to the bottom of the bay below low-water mark, and were consequently the property of the state of California. (*People* v. *Davidson*, 30 Cal. 379; *San Francisco* v. *Calderwood*, 31 Cal. 590; 91 Am. Dec. 542.) The superior court did not have jurisdiction of the subject-matter of the action. The jurisdiction belonged to the United States district court. (U. S. Const., sec. 2, art. 3, subd. 8; U. S. R. S., sec. 563; Benedict's Admiralty, secs. 189–191; Desty's Federal Procedure, subd. 8, sec. 563; *Munro* v. *Alameda*, 10 Wheat. 474; Judiciary Act of 1789, 1 U. S. Stats. at Large, 76, 77; *The Moses Taylor*, 4 Wall. 411.)

*William H. Hart,* and *Aylett R. Cotton,* for Respondent..

The state court has jurisdiction. (*The Moses Taylor,* 4 Wall. 411; *The Hine* v. *Trevor,* 4 Wall. 555; *The Belfast,* 7 Wall. 624; *Leon* v. *Galceran,* 11 Wall. 185; *Steamboat Company* v. *Chase,* 16 Wall. 522; Judiciary Act of 1789, 1 Stats. 73, sec. 9, reproduced in section 562, Rev. Stats., par. 8; *Schoonmaker* v. *Gilmore,* 102 U. S. 119.) A court of admiralty has no power to give equitable relief by injunction. (Henry's Admiralty Jurisdiction, pp. 65, 310; *Kynock* v. *The Ives,* Newb. Adm. 205; *Davis* v. *Child,* Daveis, 71; *Raleigh, Cannon, and Astoria,* 2 Hughes, 44; *The C. C. Trowbridge,* 14 Fed. Rep. 874; *Andrews* v. *Essex Marine Insurance Co.,* 3 Mason, 6; *Wenberg* v. *A Cargo of Mineral Phosphates,* 15 Fed. Rep. 285; *The Union,* 20 Fed. Rep. 539.) The boundary of the state of California extends three English miles into the ocean (Cal. Const., art. 21, sec. 1), and consequently the jurisdiction of its courts extends to that limit. There is no question here between the state and plaintiff. The plaintiff's possession and control of the moorings is sufficient evidence of his title and right as against a mere wrong-doer. (Civ. Code, sec. 1006.)

FOOTE, C.—This action was brought for the purpose of obtaining an injunction against the defendants, restraining them from taking up certain moorings alleged to be the property of plaintiff, and to recover damages for the removal of certain of said moorings.

The court below granted an injunction as to the removal of some of the moorings, and as to portions of others, and awarded damages in the sum of one hundred dollars for the taking away of a buoy and anchor belonging to a mooring of the plaintiff. From the judgment and an order denying a new trial the defendants have appealed.

Their first point is, that the court below should have sustained their demurrer to the complaint, because, as

they allege, that tribunal had no jurisdiction of the action, and that the complaint did not state facts showing any equities, and was ambiguous and uncertain.

The facts set out in the complaint appear to be, among others, that the plaintiff had leased from the proper authorities of the town of Crescent City a certain portion of the water-front of that place on navigable waters, upon which had been built and was being maintained by the plaintiff a wharf used for the unloading and loading of ships and other water-craft; that in connection with the wharf, and as necessary and appurtenant to it, the plaintiff had in its possession and under its control certain moorings, anchors, and buoys, which were affixed and attached to the ground, earth, and rock, constituting the bottom of the bay or navigable waters where the wharf was erected; that such moorings, anchors, and buoys in "annexion" with the wharf were in daily use by the plaintiff, and that the wharf could not be utilized without them; that the defendants wrongfully and maliciously removed one of the anchors, moorings, and buoys, and threaten to and would remove the rest of them unless they should be enjoined from so doing; that the injury already done amounted to the sum of fifteen thousand dollars, and that the injury threatened could not be estimated, and was irreparable.

Upon this state of facts, we think there can be no doubt but that the state court had jurisdiction.   Conceding, for the purposes of the case, that the federal court would have jurisdiction of such a case, the state court has concurrent jurisdiction, the action being *in personam.* (Henry's Admiralty, p. 39, sec. 19; *The Lottawanna*, 21 Wall. 558.)

The act conferring admiralty and maritime jurisdiction on the United States district court expressly saves "to suitors in all cases the right of a common-law remedy where the common law is competent to give it."

We do not think that the objection based upon the

alleged uncertainty or ambiguity of the statements of the complaint is well taken.

It is further contended that the complaint was defective in not alleging the insolvency of the defendants. Yet it stated that irreparable damage was threatened in this: that a part of the wharf which is real estate was about to be wrongfully taken away,—that is, the inheritance was threatened to be removed, and a trespass threatened in the nature of waste. When such facts are alleged in a complaint, it is not necessary, in order to obtain an injunction, to allege the insolvency of the defendant. (*Richards* v. *Dower*, 64 Cal. 63.)

The demurrer was therefore properly overruled. It is further claimed by the appellants that the judgment should be reversed, because, as is asserted, the lease under which the plaintiff held was improperly admitted in evidence, for the reason that the officers had no authority to execute it. But the corporate seal appears to have been affixed by the proper officer, and that is sufficient *prima facie* to show the authority. (*Southern C. C. Association* v. *Bustamente*, 52 Cal. 192.) It was not necessary to the validity of the lease that the *lessee* should affix his seal thereto. His acceptance was abundantly shown by claiming under it, and occupying and maintaining the wharf and its appurtenances, and paying rent.

The other points made are without merit, and no prejudicial error appearing in the record, we advise that the judgment and order be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.