[No. 15881.   Department Two.—June 4, 1896.]

GEORGE S. ANDRES, RESPONDENT, *v.* JOHN D. FRY ET AL., APPELLANTS.

CORPORATIONS—AUTHORITY TO EXECUTE CONTRACT—SEAL—PRESUMPTION —PRIMA FACIE EVIDENCE.—A contract executed by the president and secretary of a corporation, and bearing the corporate seal, is presumed to have been executed by due authority; and the production of such contract in evidence, with proof of its signature, and of the corporate seal, makes a *prima facie* showing that the contract is the contract of the corporation.

ID.— ACTION OF BOARD OF DIRECTORS — AUTHORITY TO EXECUTIVE COMMITTEE — POWER TO MAKE CONTRACT. — The board of directors of a corporation may authorize an executive committee of the board to make arrangements with a person named for the transfer of patent rights from him to the corporation, and such authority empowers it to execute a contract with such person for that purpose; and it is not essential that such committee should formally report to the board before executing such contract, and attaching the seal of the corporation thereto.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   JOHN HUNT, Judge.

The facts are stated in the opinion.

*W. H. L. Barnes*, for Appellants.

Where it appears that there was no authority to execute an instrument for a corporation, or to attach the corporate seal thereto, it is not admissible evidence. (*Bliss* v. *Kaweah Canal etc. Co.*, 65 Cal. 502.) No presump-

tion of the authority of the president and secretary prevails when the act done by them does not fall within the scope of the powers conferred, and usually exercised by them. (*Smith* v. *Smith,* 62 Ill. 493; *Mulligan* v. *Smith,* 59 Cal. 224; *Southern Cal. etc. Assn.* v. *Bustamente,* 52 Cal. 196; *Crescent City etc. Co.* v. *Simpson,* 77 Cal. 290; *Blood* v. *Marcuse,* 38 Cal. 594.)   The power of a corporation can only be exercised by the board when duly assembled (Civ. Code, secs. 305, 308, 377; *Gashwiler* v. *Willis,* 33 Cal. 12; 91 Cal. 607; *Harding* v. *Vandewater,* 40 Cal. 78; *Bank of Healdsburg* v. *Bailhache,* 65 Cal. 327.)

*C. L. Tilden,* for Respondent.

The corporate seal is *prima facie* evidence that it was affixed by proper authority.   (Angell and Ames on Corporations, sec. 224; *Miners' Ditch Co.* v. *Zellerbach,* 37 Cal. 587, 596; 99 Am. Dec. 300; *Crescent City etc. Co.* v. *Simpson,* 77 Cal. 290; *Union Water Co.* v. *Murphy's etc. Co.,* 22 Cal. 620–28; Boone on Corporations, sec. 50; 1 Potter on Corporations, sec. 39, p. 70; *Burrill* v. *Nahant Bank,* 2 Met. 163; 35 Am. Dec. 395.)   Corporations are not compelled to contract by resolution.   (*Carey* v. *Philadelphia etc. Co.,* 33 Cal. 696; *McKiernan* v. *Lenzen,* 56 Cal. 61–3; *Abbott* v. *'76 Land & Water Co.,* 87 Cal. 325–28.)

VANCLIEF, C.—The defendants were sued upon their personal liability as stockholders of the Eureka Manufacturing Company, a corporation organized under the laws of this state.

The cause was tried by the court without a jury, and the court found " that the agreement was duly executed and delivered by the corporation to the plaintiff, and that the officers of said corporation who executed said agreement were duly authorized so to do"; and further found in favor of plaintiff on all other issues, and rendered judgment accordingly.

The defendants have appealed from the judgment and from an order denying their motion for a new trial.

At the time of ordering judgment the court filed the following written opinion, which is incorporated in the statement on motion for a new trial:

" HUNT, J.—The only question presented in this case is, whether the contract sued upon was the contract of the corporation. It was signed by the president and secretary, and bore the corporate seal. The production of the contract, therefore, with proof of its signature and of the corporation seal, made out a *prima facie* case in favor of the plaintiff.

" The defense is founded upon the claim that the execution of the contract in question was not authorized by the corporation, and was therefore without authority.

"After a careful examination of the evidence, I am of opinion that this defense cannot be sustained.

" The minutes of the board of directors (page 9) show that, upon motion of Garnett, the attention of the board of directors was called to the necessities of acting upon the proposition of the plaintiff, and the board then passed a resolution which, in my opinion, authorized the execution of the contract. This resolution, in terms, referred the matter to the executive committee, and empowered them to make the necessary arrangements with Andres for securing the transfer of his right to this company. It would seem, therefore, that, in the execution of the contract in question, it was entirely satisfactory to the executive committee; they were but carrying out the resolution of the board, which practically authorized and empowered them to close the transaction with Andres, and the sale and transfer of his rights to this company. The power thus delegated to the executive committee was exercised by them; the paper in question was properly signed by the president and secretary, and the corporate seal affixed.

" I am therefore of opinion that the act was binding upon the corporation, and that plaintiff is entitled to recover. It is therefore ordered that plaintiff recover judgment as prayed for.

" November 14, 1893."

(In denying the motion for a new trial, the court filed an additional opinion which contains a summary of the evidence bearing upon the issue as to the authority of the executive committee, and tending to show that the contract was repudiated by defendants for reasons other than that the committee was not authorized to execute it, and for which plaintiff was not responsible. This opinion is attached to the statement on motion for new trial, and satisfactorily vindicates the finding of the authority of the committee to execute the contract.)

The conclusion of the trial court, that the plaintiff made a *prima facie* case by production of the contract signed by the president and secretary and bearing the corporate seal, is warranted by the following authorities: Angell and Ames on Corporations, sec. 224; *Burrill* v. *Bank of Nahant*, 2 Met. 166; 35 Am. Dec. 395; *Lovett* v. *Steam Sawmill Assn.*, 6 Paige, 60; *Miner's Ditch Co.* v. *Zellerbach*, 37 Cal. 600; 99 Am. Dec. 300; *Underhill* v. *Santa Barbara etc. Co.*, 93 Cal. 314.)

There is no question that the president and secretary signed the contract, nor that the secretary affixed the corporate seal; but appellants contend that they were not authorized so to do by the board of trustees.

The minutes of the board show that the terms of the proposed contract were made known to the board by a member thereof (Mr. Garnett) at a meeting held on August 12, 1889, but no definite action was then taken upon it. But at a regular meeting of the board on August 14, 1889, Mr. Garnett again "called the attention of the board to the necessity of acting" upon the proposition of Andres, when, " at the suggestion of the president, it was moved and carried that the matter be referred to the executive committee, and that they be empowered to make the necessary arrangements with Messrs. Miller and Andres for securing the transfer of their rights to this company." The proposition of Andres, which had been submitted to the corporation, and which was thus referred to the executive committee,

was to sell to the corporation certain patent rights; and the executive committee to which it was referred consisted of the president and two other members of the board of directors, being a majority of the board and including the secretary.

The only ground upon which it is claimed that the execution of the contract was not complete is that the executive committee did not formally report its action to the board, and that the board never formally acted on the matter after having referred it to that committee.

It appears that the executive committee was created by the by-laws, but as the by-laws were not put in evidence, it does not appear what power they conferred upon that committee. However this may be, I think the resolution referring " the matter" to the committee and empowering it " to make the necessary arrangements with . . . . Andres for securing the transfer of his rights to this company" may fairly be construed, under the circumstances, to have authorized the committee to execute the contract. How else could the (then) future transfer of Andres' patent rights have been secured? No doubt Andres was bound by the contract, and that it could have been enforced against him. Nothing was said to him about reporting the contract to the board for further action, or indicating that it was not completely executed. While it is true that corporate powers must be exercised by the board of directors when duly assembled, it is also true that while so assembled such board may authorize a committee or other agent to make a written contract in its name. In *Burrill* v. *Nahant Bank, supra,* Chief Justice Shaw said: "We think, therefore, that a board of directors may delegate an authority to a committee of their own number to alienate or mortgage real estate; that an authority to convey necessarily implies an authority to execute suitable and proper instruments for that purpose; and, in case of a corporation, to affix the corporate seal to an instrument requiring it." To the same effect are *Gash-*

*wiler* v. *Willis*, 33 Cal. 20; 91 Am. Dec. 607; *Abbott* v. *'76 Land & Water Co.*, 87 Cal. 323.

These authorities narrow the controversy to the question: Could the executive committee have secured a then future transfer of the patent rights of Andres to the corporation without an executed contract binding him to do so? I think the answer to this question must be negative; and, consequently, that the committee was authorized to execute such contract.

It follows, I think, that the judgment and order should be affirmed.

BELCHER, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFARLAND, J., HENSHAW, J., TEMPLE, J.