[Civ. No. 363. First Appellate District.—May 26, 1908.]

# H. J. GREVE, Respondent, v. ECHO OIL COMPANY, a Corporation, Appellant.

Action by Assignee — Assignments — Mistake in Initials — Parol Evidence.—In an action by an assignee, parol evidence is admissible to show that, by mistake, the initials of the assignee were transposed in two assignments, which were delivered by the assignors to the plaintiff, and that by each assignment the assignor intended to assign his claim to plaintiff, and that there was no person known to have the same name as plaintiff, with the transposed initials.

Id.—Rule Excluding Parol Evidence Inapplicable.—The general rule excluding parol evidence to explain, vary or contradict the terms of a written contract is inapplicable where both of the parties to the action are not parties or privies to the contract, and the question only arises between the plaintiff and his assignor, who is not a party to the action. In such case, neither the party to the contract nor the party who is a stranger thereto is bound by the rule excluding parol evidence.

Id.—Intentions of Wife as Assignor—Testimony of Husband—Opinion — Question for Court.— Where a wife executed one of the assignments, and she was not called as a witness to prove the mistake and her intention as to the assignment, it was error to admit the opinion evidence of her husband on the vital point as to the person to whom she intended to execute the assignment, which was matter for the court to determine from facts and circumstances surrounding and attendant upon her execution of the contract.

Id.—Opinion Based on Hearsay—Refusal to Strike Out—Error.— Where it was shown on cross-examination of the husband that his opinion evidence as to his wife's intentions as to the assignment was based upon his hearsay evidence as to what she told him, it was error to overrule the motion of the defendant to strike out his evidence.

Id.—Counterclaim—Indebtedness for Stock Subscribed in Defendant Corporation—Findings.—Where the answer set up an indebtedness of plaintiff to the defendant for stock subscribed therein, in a sum greatly exceeding the indebtedness claimed in the complaint, but asked for no affirmative relief, a general finding that all allegations in the answer, with other exceptions not referring to the counterclaim, though not to be commended, must be deemed sufficient.

ID.—SUPPORT OF FINDING AGAINST COUNTERCLAIM.—The general finding against the counterclaim is supported, either by evidence that the plaintiff never subscribed for stock of the defendant, or that if he did subscribe for it, it was wholly paid for.

ID.—PAYMENT FOR STOCK SUBSCRIBED—TRANSFER OF LAND IN CONSIDERATION OF STOCK.—Although the evidence shows a subscription by plaintiff to twenty-four thousand shares of stock in the defendant corporation at par, as alleged in the answer, it shows that said stock was fully paid for by the transfer of one hundred and sixty acres of land to defendant corporation by another company with the consent of all of its stockholders, in consideration of fifty-four thousand shares of its stock, by which plaintiff became entitled to said twenty-four thousand shares of stock in consideration of his share in said land.

ID.—EXECUTION OF DEED BY CORPORATION—PRIMA FACIE EVIDENCE OF AUTHORITY OF DIRECTORS.—A deed by the other corporation transferring the land to the defendant corporation, executed by its president and secretary, and having the corporate seal attached, is *prima facie* evidence that the deed was duly authorized by its board of directors.

ID. — RATIFICATION BY STOCKHOLDERS — ACKNOWLEDGMENT BEFORE STOCKHOLDER NOTARY.—Where all the stockholders of the granting corporation consented in writing to the deed of land made to the corporation defendant, the fact that their acknowledgment, as well as that of the secretary of the granting corporation making the certificate, that they are the owners of all the stock, was taken before one of the stockholders, who was a notary public, who held only one-ninth of the stock, the consent of the other stockholders being sufficient to validate the grant, without his joining therein, cannot vitiate the acknowledgment by the other stockholders and by the certifying secretary before him as such notary.

ID.—RULE OF VITIATION OF ACKNOWLEDGMENT BEFORE GRANTEE INAPPLICABLE.—The well-settled rule that an acknowledgment taken by a grantor before a notary, who is a grantee, vitiates the acknowledgment, does not apply, nor does the reason for it exist, where an acknowledgment by grantors is taken before a notary who is one of the grantors.

ID.—RATIFICATION BY STOCKHOLDERS OF MINING COMPANY GRANTEE—ADDITIONAL LAND — SHOWING NOT MADE. — The ratification by a stockholder of a mining company, as a grantee, is only required when the corporation acquires additional land. Where there is no showing in the record that any mining land was previously held by the corporation grantee before the acquisition of the one hundred and sixty acres of oil mining land acquired by the deed, no ratification of such deed by its stockholders was required.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.  H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Stanton L. Carter, for Appellant.

Everts & Ewing, for Respondent.

HALL, J.—This is an appeal from a judgment against defendant, and from the order of the court denying defendant's motion for a new trial.

The amended complaint, upon which the action was tried, contained five counts.  The first and second counts set forth causes of action accruing directly to plaintiff, and no attack is made by appellant as to the sufficiency of the evidence to sustain these causes of action.  The findings of the court as to the third cause of action were in favor of defendant.

The fourth count sets up a cause of action accruing originally to W. J. Kinney for the sum of $243, for services rendered to defendant by said W. J. Kinney; and in the third paragraph of said count it is alleged that said W. J. Kinney, before the commencement of the action, did sell, transfer and assign his said claim to the said H. J. Greve, and the said H. J. Greve is now the lawful owner and holder thereof, and the whole of said sum of $243 remains unpaid.

The fifth count sets up a cause of action accruing originally to A. M. Kinney for the sum of $90 for services rendered to defendant, and in the third paragraph of said count is a similar allegation as to the assignment and transfer and non-payment thereof.

The appeal comes to this court upon the judgment-roll and a statement of the case.  This statement sets forth that plaintiff introduced sufficient evidence to sustain all the allegations of the first and second causes of action, and all the allegations of paragraphs 1 and 2 of the fourth and fifth causes of action (which paragraphs set forth the causes of action as they accrued to plaintiff's assignors), and then proceeds to set forth the evidence relating to the allegations

of paragraph 3 of the fourth cause of action, as to the assignments to plaintiff.

The court made findings in accordance with the allegations of the third paragraphs of counts 4 and 5.

In discussing the evidence relating to these findings appellant's counsel has wandered far from the points raised by the specifications of insufficiency of evidence. He has discussed the insufficiency of the evidence to sustain the findings that the assignments were made *prior* to the commencement of the action, and that they were made for a *valuable* consideration, and the like. An examination of the specifications disclosed that the only point relating to the assignments there presented is, that the assignments were not made to *H. J. Greve,* but were made to *J. H. Greve.*

To make this clear, we insert the first specification relating to the finding as to the assignment of the claim set forth in the fourth cause of action, which is a type of all the specifications as to the assignments. It is as follows: ''The evidence is insufficient to support, justify or sustain that portion of the findings numbered 3, 'that previous to the filing of the complaint and the commencement of said action, W. J. Kinney assigned, for valuable considerations and transferred the said claim to H. J. Greve, the plaintiff herein, and the said H. J. Greve is now the true and lawful owner and holder thereof,' in that the evidence does not show that said W. J. Kinney assigned or transferred the claim referred to, to the plaintiff H. J. Greve, or that the plaintiff, H. J. Greve, is, or ever was the owner, or holder, thereof, but on the contrary the evidence shows conclusively that said Kinney, by a written assignment, prior to the commencement of the action, for a valuable consideration, assigned and transferred said claim for two hundred and forty-three (243) dollars, being the claim referred to in the fourth cause of action of plaintiff's amended complaint, unto one J. H. Greve, and that J. H. Greve is, and at the time of the commencement of this action was, and ever since has been, the true and lawful owner thereof.''

It needs but a reading of the above specification to see that the only attack made on the finding is that the proof showed an assignment to *J. H. Greve* instead of an assignment to *H. J. Greve,* the plaintiff.

The specification as to the evidence of the assignment of the claim set forth in the fifth count is in all respects like the one above set forth.

Therefore, the only point we can consider with regard to the assignments is, Was the evidence sufficient to prove assignments to H. J. Greve of the claims sued upon as assigned claims?

The record discloses that the plaintiff introduced in evidence without objection two written assignments, one signed by W. J. Kinney, for the claim set forth in the fourth count, and one signed by A. M. Kinney for the claim set forth in the fifth count. Both assignments are in terms to J. H. Greve and not to H. J. Greve.

Plaintiff's name was shown to be Henry John Greve.

The court permitted plaintiff to prove by parol testimony over the objection and exception of defendant, that said assignments were in fact delivered to plaintiff *H. J. Greve,* and that by said assignments the assignors intended to assign said claims to H. J. Greve, the plaintiff. W. J. Kinney, one of the assignors, who is the husband of A. M. Kinney, the other assignor, testified that so far as he knew there was no such person as *J. H. Greve.*

From the evidence thus introduced it is clear that the assignors intended to assign the claims sued on to plaintiff, and that by mistake in writing the assignment his initials were transposed. The real point of appellant's contention is that the oral evidence was incompetent, and that the court erred in admitting it. In this connection appellant urges that the action of the court in this regard was in violation of the rule that parol testimony is inadmissible to vary or contradict the terms of a written contract. This rule, however, has no application where both parties to the action are not parties to the contract or in privy with them. ''Where the controversy is between a party to a written contract and one who is neither a party to it nor a privy to one who is, the rule excluding parol evidence to explain, vary, modify or contradict the writing does not apply. In such case neither the party nor the stranger to the contract is bound by the rule excluding parol evidence.'' (11 Am. & Eng. Ency. of Law, 550; *Hussman* v. *Wilke,* 50 Cal. 250; *Smith* v. *Moynihan,* 44 Cal. 53; *McMaster* v. *President etc. Ins. Co. of North*

*America,* 55 N. Y. 222, [14 Am. Rep. 239] ; *Furbush* v. *Goodwin,* 25 N. H. 425; *Badger* v. *Jones,* 12 Pick. (Mass.) 371; *Krider* v. *Lafferty,* 1 Whart. (Pa.) 314; *Edgerly* v. *Emerson,* 23 N. H. 564, [55 Am. Dec. 207] ; *Sprague* v. *Hosmer,* 82 N. Y. 470; *People* v. *Bragle,* 88 N. Y. 585, [42 Am. Rep. 269].)

So, also, in *Owen* v. *Meade,* 104 Cal. 179, [27 Pac. 923], where an assignment omitted to name any assignee, it was held no error to admit parol evidence to show that such omission was unintentional, and that the assignor in fact agreed to assign the claim sued on to the plaintiff.

In the case at bar, although plaintiff claimed to be the assignee under the assignments put in evidence, defendant was not a party thereto, nor in privy with a party thereto; and under the rule above quoted and abundantly sustained by the above cited cases, either plaintiff or defendant had the right by parol evidence to explain or correct a mistake in the written assignments. The court therefore, did not err in allowing plaintiff to prove by parol evidence that by ''J. H. Greve'' the assignors meant ''H. J. Greve.''

The evidence thus introduced was quite sufficient to sustain the findings relating to the assignments of the claims sued on in the only particular in which they are attacked in the specifications.

Appellant in his brief has also raised the point that the assignment by A. M. Kinney was void because she is the wife of W. J. Kinney, and the claim by her assigned must be considered to be community property, and therefore only assignable by the husband. In addition to the fact that any such point is excluded from consideration by the narrow scope of the specifications above pointed out, the contention is also completely answered by the settled statement of the case, which recites that sufficient evidence was introduced to sustain the allegations of paragraph 2 of the fifth cause of action. The allegations of said paragraph 2 are that defendant became indebted to *A. M. Kinney* on account of work and services, etc. The court found in accordance with this allegation, which must be construed as meaning that defendant became indebted to A. M. Kinney in her separate right. A wife's earnings may be her separate property by agreement with her husband, or because of her living separate and apart

from him. Her right to assign the claim sued on in the fifth
count is thus conclusively established by the findings as to
the allegations of paragraph 2, which the statement recites
are sustained by the evidence.

In discussing the action of the court in allowing proof by
parol to vary or explain the written assignments, we were
dealing only with the general line of proof that the court
allowed in this regard. We now come to a particular ruling
which was erroneous, not because it varied a written contract
by parol evidence, but because it violated other rules per-
taining to evidence.

The claim sued on in the fifth count, for $90, was the claim
of A. M. Kinney, and was alleged to have been assigned by
her to plaintiff. A. M. Kinney was not a witness on the trial
of the action, but her husband, W. J. Kinney, was. After
the assignment made by A. M. Kinney had been read in evi-
dence, and it had been shown by W. J. Kinney that A. M.
Kinney was his wife, and that he was present when she
executed the writing, he, W. J. Kinney, was asked by plain-
tiff: "To whom did she intend to execute that assignment?"
This was objected to as irrelevant, incompetent and not the
best evidence. The objection was overruled, and the witness
answered "H. J. Greve."

The objection should have been sustained. The evidence
sought called for the opinion of the witness upon a vital point
in the fifth cause of action, which was for the court to deter-
mine from the facts and circumstances surrounding and at-
tendant upon her execution of the instrument. If she had
herself been a witness at the trial, she might properly have
been asked her intentions, but to ask a bystander what she
intended is simply to ask for his opinion. The witness was
permitted to give his opinion upon a vital fact which should
have been determined by the court unaided by opinions of
witnesses.

The witness was thereupon asked by counsel for defendant
upon cross-examination, "How do you know she intended to
assign it to H. J. Greve? Did she tell you so?" and answered,
"Yes, sir." Defendant thereupon moved to strike out the
answer of the witness to the question as to whom A. M. Kin-
ney intended to execute the assignment, upon the ground that
it was hearsay. This motion the court denied, and again

committed error. This motion was directed to the evidence that the witness had given on his direct examination, and not, as counsel for respondent seems to think, to his answer made to defendant's counsel. By his answer to the question put by defendant's counsel it was developed that his answer on direct examination that A. M. Kinney intended to assign to H. J. Greve was based on the statement of A. M. Kinney to the witness, and was therefore hearsay, and should have been stricken out.

Besides denying the allegations of the several counts in plaintiff's complaint, defendant pleaded as a part of its answer a counterclaim as an offset to the indebtedness set up in the complaint. In the counterclaim it is alleged in substance that plaintiff, at the time of the commencement of the action, was indebted to defendant in an amount exceeding the aggregate amount of all the claims sued on for the balance due and unpaid upon his subscription to twenty-four thousand shares of the capital stock of the corporation, defendant, and upon which subscription there now remains unpaid and owing from plaintiff to defendant a sum greatly exceeding the aggregate amount of all the claims sued on.

Defendant in its counterclaim did not ask for any affirmative relief, nor is the amount claimed to be owing on account of the subscription for stock given. It is simply alleged that the amount of the indebtedness exceeds the amount of the claims sued on.

The court did not make findings in detail on the issues presented by the counterclaim, but contented itself with the general finding "that all the allegations in the answer filed to said amended complaint, save and except wherein said answer purports to and does answer the third cause of action set forth in plaintiff's amended complaint, are untrue."

While this manner of making findings has been held sufficient, it is not to be commended, for it often leaves the reviewing court in the dark upon what particular theory of the facts the court decided the case. The finding in this case, however, negatives the existence of any indebtedness on the part of plaintiff to defendant, and is sustained, either if the evidence shows that plaintiff never subscribed for any stock of defendant, or that if he did subscribe for such stock it has been wholly paid for. The evidence in the record does

show that plaintiff subscribed for twenty-four thousand shares of the capital stock of defendant at the par value of $1 per share. But we think that the evidence sustains the proposition that such stock was wholly paid for by the transfer by the "Trophy Oil Company," with the consent of all its stockholders, of one hundred and sixty acres of land to defendant in consideration of fifty-four thousand shares of stock of defendant corporation, of which the twenty-four thousand shares subscribed for by plaintiff were a part. The fifty-four thousand shares for which the land was sold to defendant were not issued to the Trophy Oil Company, but were divided among the stockholders of the Trophy Oil Company. All the stockholders of the Trophy Oil Company approved and consented to the deed in writing, which bears date October 13, 1900, and the land appears to have been taken and ever since held by the defendant corporation. It does not concern the defendant corporation as to how the fifty-four thousand shares of stock given as consideration for the land were disposed of. The books of the defendant corporation do not show how the land was paid for, but witnesses testified that the consideration for the transfer of the land was fifty-four thousand shares of stock in the defendant company, of which the twenty-four thousand shares subscribed for by plaintiff were a part.

Upon the trial of the issues raised by the counterclaim, the court admitted in evidence the record of a deed, purporting to be executed by the Trophy Oil Company to the Echo Oil Company, conveying to the latter company one hundred and sixty acres of land. It was and is objected that the deed was void and inadmissible, because it was not shown to have been authorized by the board of directors, and was not ratified by the holders of two-thirds of the stock of the corporation, as required by "An Act for the further protection of Stockholders in Mining Companies," adopted April 23, 1880, and amended March 9, 1897, [Stats. 1897, p. 96].

The deed is signed by the president and secretary of the corporation, and has the corporate seal attached. This is *prima facie* evidence that the deed of a corporation was duly authorized by the board of directors. (Angell & Ames on Corporations, sec. 224; *Underhill* v. *Santa Barbara etc. Co.,* 93 Cal. 300, [28 Pac. 1049]; *Miners' Ditch Co.* v. *Zellerbach,* 37

Cal. 543, [99 Am. Dec. 300] ; *Southern Cal. Colony Assn.* v
*Bustamente,* 52 Cal. 192; *Crescent City Wharf & Lighter Co.*
v. *Simpson,* 77 Cal. 286, [19 Pac. 426] ; *Andres* v. *Fry,* 113
Cal. 124, [45 Pac. 534].)

There is attached to the deed a writing signed by nine stock-
holders, whereby they ratify, confirm and consent to the deed,
and to this is attached the certificate of the secretary, attested
by the seal of the corporation, to the effect that the said stock-
holders are the owners of all the stock of the company.   The
written ratification and the certificate of the secretary fully
comply with the statute in all respects, provided they were
properly acknowledged.

In this regard it is urged that the acknowledgments of the
secretary and all the stockholders save one were void because
taken before one of the parties to the instrument.   It does
appear that the acknowledgments of the secretary and of
eight stockholders were taken before J. R. Baird, as a
notary, who is one of the signing stockholders.

It certainly is the law that an acknowledgment taken be-
fore a grantee, or one standing in the position of a beneficiary
under a conveyance or other written instrument, is void, and
does not entitle an instrument so acknowledged to be recorded.
(*Lee* v. *Murphy,* 119 Cal. 365, [51 Pac. 549, 955] ; *Merced
Bank* v. *Rosenthal,* 99 Cal. 39, [31 Pac. 849, 33 Pac. 732] ;
*Murray* v. *Tulare Irr. Co.,* 120 Cal. 311, [49 Pac. 563, 52
Pac. 586].)   In support of this doctrine many cases might
be cited from other jurisdictions.   In some of them the rule
is stated broadly that an acknowledgment may not be taken
before a party to the instrument; but an examination of the
cases discloses that in every case where an acknowledgment
has been held void, because taken before a party to the in-
strument, the officer taking such acknowledgment was either
a grantee or agent of the grantee in the instrument, or took
some benefit under the instrument.   We have been unable to
find, after diligent search, involving the examination of many
cases, a single case where it has been held that an acknowledg-
ment by grantors taken before a grantor is void.   No reason
occurs to us why such an acknowledgment should be held
void; and the reason assigned in the cases for holding an
acknowledgment taken before a grantee void does not exist
in such case.

In *Murray* v. *Tulare Irr. Co.*, 120 Cal. 311, [49 Pac. 563, 52 Pac. 586], it was held that an acknowledgment taken before one of several grantees, where each grantee took a separate interest in the land conveyed, was good as to all the grantees save the one taking the acknowledgment.

In the case at bar, the consenting stockholder who took the acknowledgment of the other stockholders, held but one-ninth of the stock. The consent of the other eight stockholders was sufficient to validate the conveyance without his joining therein at all. He took no beneficial interest under the conveyance, and therefore his act does not transgress the rule laid down in the adjudicated cases.

The deed itself having been executed by the corporation, through the proper officers, attested by the corporate seal, and by them properly acknowledged, and all stockholders having in writing consented to the deed, and, as we have seen, properly acknowledged the execution of such consent, and the secretary having signed and also acknowledged the certificate required by the act above referred to, the deed was entitled to be recorded, and the record thereof was entitled to be read in evidence with the same force and effect as the original deed. (Code Civ. Proc., sec. 1851.)

The court, therefore, did not err in admitting in evidence the record of the deed. In thus deciding, we have not overlooked the contention of appellant that the conveyance was void because the ratification thereof by the stockholders of Echo Oil Company (the grantee) is not acknowledged before any officer. This contention is completely answered by the case of *Granite Gold Mining Co.* v. *Maginnes,* 118 Cal. 136, [50 Pac. 269]. The ratification of the stockholders of the grantee company is only required for the acquisition of *additional* mining ground, and in order that defendant might raise the point, it must appear that the land conveyed was *additional mining ground.* No such showing was made.

Appellant in his brief discusses many other points, none of which appear to us to be of sufficient importance to require special notice.

The error which we have pointed out concerning the admission of the evidence of W. J. Kinney could only affect the trial as to the assigned claim of A. M. Kinney, which was for $90 only. If respondent should prefer to waive his claim to

that extent rather than suffer a retrial, we think that justice and the interest of the parties require that he should be allowed to do so.

It is therefore ordered that if respondent shall, within ten days after the filing of the *remittitur* in the trial court, enter partial satisfaction of the judgment to the amount of $90, as of the date of the entry of the judgment, the order and judgment shall stand affirmed; otherwise the order and judgment are reversed. Plaintiff recovers its costs of appeal.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 24, 1908.